1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    CHRISTINE A. SCHEUNEMAN  #113811
2   christine.scheuneman@pillsburylaw.com
3   725 South Figueroa Street, Suite 2800
    Los Angeles, CA  90017-5406
4   Telephone:  (213) 488-7100
    Facsimile:  (213) 629-1033
5
6   Attorneys for Defendant
    WELLS FARGO BANK, N.A.
7
8

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 4 2010
3:53
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  DIANE MATALAS, suing individually and on behalf of all others similarly situated, | No. **CV10  5171** -RSWL (Ex) |
| 13 | |
| 14                    Plaintiffs, | DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(d) AND 1441(a) (DIVERSITY OF CITIZENSHIP) |
| 15 | |
| 16       vs. | |
| 17  VISA U.S.A., INC; WELLS FARGO BANK, N.A.; and DOES 1 to 50, inclusively, | Complaint Filed: May 27, 2010 Trial Date:      None yet assigned |
| 18 | |
| 19                    Defendants. | |
| 20 | |

21  TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL

22  PARTIES AND THEIR ATTORNEYS OF RECORD:

23         Defendant WELLS FARGO BANK, N.A (the "Bank") hereby removes

24  this putative class action, Case No. BC 438476, in the Superior Court of the

25  State of California in and for the County of Los Angeles, to the United States

26  District Court for the Central District of California.  As grounds for removal,

27  the Bank states as follows:

28

601237418v1                    - 1 -                    DEFENDANT WELLS FARGO BANK,
                                                        N.A.'S NOTICE OF REMOVAL

1   1.  On March 27, 2010, Plaintiff DIANE MATALAS ("Plaintiff" or

2 "Matalas") commenced this action by filing a complaint against defendants

3 VISA U.S.A. INC. ("Visa") and the Bank in Los Angeles County Superior

4 Court – Central District, captioned *Diane Matalas v. Visa U.S.A., Inc., Wells*

5 *Fargo Bank, N.A.*, and Does 1 through 50, inclusive, Case No. BC438476.

6 Visa was served with a copy of the complaint on June 15, 2010, and the Bank

7 was served with a copy of the complaint on June 16, 2010 and, again, on

8 June 30, 2010.

9   2.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the

10 Complaint and all other process, pleadings and orders served upon Visa and

11 Bank in this action are attached hereto as Exhibit A.

12

**Removal is Proper Under the Class Action Fairness Act**

13

14   3.  This is a putative class action in which Plaintiff asserts that Visa

15 and the Bank have violated California's gift card law, Civil Code §§ 1749.45,

16 *et seq.*, false advertising law, Business & Professions Code §§ 17500, *et seq.*

17 (the "FAL"), and unfair competition law, Business & Professions Code

18 §§ 17500, *et seq.* (the "UCL"), in connection with the Bank's Visa®-branded

19 gift cards ("Cards") and policies and procedures for these Cards.  Complaint

20 ¶¶ 21, 24, 30, 32-34.

21   4.  Paragraph 16 of the Complaint alleges the following common

22 question of law and/or fact among all members of the class:  "[W]hether

23 Defendants sell a gift card with terms that violate California law, whether

24 Defendants misrepresent the Visa Gift Card as a debit card, whether

25 Defendants' practice of placing 'holds' on card balances is deceptive and a

26 violation of California law, and whether Defendants' practice of  placing

27 'holds' on balances is part of a scheme to profit from the money held and from

28 the resulting residual balances."

1    5.    Plaintiff claims that, in December of 2009, she purchased several

2    Cards directly from one of the Bank's branches, cards in fifty and twenty-five

3    dollar denominations.  Complaint ¶ 5.  She further alleges that on a couple of

4    occasions when her children attempted to use the Cards, they were unable to

5    redeem them for the full face value on the Cards.  Complaint ¶ 9.  Plaintiff

6    does not allege that a dormancy fee was imposed on any of the Cards she

7    purchased.  Plaintiff further alleges that her "daughter-in-law was able to use

8    the remaining balances of the Visa Gift Cards towards a purchase at a grocery

9    store."  Complaint ¶ 9.

10    6.    Plaintiff asserts three causes of action on behalf of a class: (1)

11    violation of Section 1749.5 of the California Civil Code; (2) violation of

12    California's FAL; and (3) violation of California's UCL.

13    7.    The Bank invokes the Class Action Fairness Act, 28 U.S.C.

14    § 1332(d) ("CAFA"), to remove this action to federal court.  Specifically, the

15    Bank maintains and provides evidentiary support herein that the amount in

16    controversy on the class claim pleaded in Plaintiff's Complaint exceeds $5

17    million and that the class she purports to represent consists of more than 100

18    people.  Diversity of citizenship exists under CAFA between Visa and the

19    Bank, and Plaintiff.  Accordingly, the prerequisites for removal have been

20    satisfied.

21
                              **Legal Standards**

22    8.    CAFA provides that a district court has original jurisdiction over

23    any action in which the matter in controversy exceeds $5 million and in which

24    minimal diversity exists between a defendant and at least one plaintiff.

25    28 U.S.C. § 1332(d)(2).

26    9.    The Ninth Circuit has well-established standards for evaluating

27    the basis for CAFA removal on facts such as those presented here.  As the

28    party seeking removal, the Bank bears the burden of establishing removal

1    jurisdiction. *Madden v. Cowen & Company*, 576 F.3d 957, 974 (9th Cir.

2    2009).

3         10.    The Complaint does not contain any allegations as to the size of

4    the class Plaintiff purports to represent, but describes the class as herself and a

5    class of all other individuals in California who purchased a Card from the

6    Bank.  Complaint ¶ 15.

7         11.    The Complaint contains no allegation of the amount in

8    controversy.

9         12.    "Where the complaint does not specify the amount of damages

10   sought, the removing defendant must prove by a preponderance of the

11   evidence that the amount in controversy requirement has been met." *Abrego*

12   *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).

13                          **Removal Prerequisites**

14        13.    Visa was served with a copy of the complaint on June 15, 2010,

15   and the Bank was served with a copy of the complaint on June 16, 2010 and,

16   again, on June 30, 2010.  Because Visa and the Bank have filed this Notice of

17   Removal within thirty days after receipt of the Complaint, removal is timely

18   under 28 U.S.C. § 1446(b).

19        14.    The Superior Court of the State of California in and for the

20   County of Los Angeles is located within the geographic boundaries of the

21   United States District Court for the Southern District of California.  28 U.S.C.

22   § 112(b).

23        15.    This action is not one described in 28 U.S.C. § 1332 or 28 U.S.C.

24   § 1453 as non-removable, and no statutory exception to CAFA jurisdiction

25   applies in this case.  *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(A), (d)(4)(B).

26        16.    In accordance with 28 U.S.C. § 1446(d), the Bank will promptly

27   file a copy of this Notice of Removal with the Superior Court of the State of

28   California in and for the County of San Diego.

| | |
|---|---|
| 1 | **Minimal Diversity** |
| 2 | 17.    Matalas is a citizen of California. Complaint ¶ 1.  She seeks to |
| 3 | represent a California-wide class.  Complaint ¶ 15. |
| 4 | 18.    The Bank is a national association and, according to its Articles |
| 5 | of Association, a citizen of South Dakota for diversity purposes.  *See* |
| 6 | *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006); 28 U.S.C. |
| 7 | § 1332(c)(1).  *See* Declaration of Heidi M. Hofer, dated July 13, 2010, ¶ 2 |
| 8 | ("Hofer Decl."). |
| 9 | 19.    Accordingly, minimal diversity of citizenship exists between Visa |
| 10 | and the Bank, and the members of the plaintiff class.  *See* 28 U.S.C. |
| 11 | § 1332(d)(2)(A). |
| 12 | **Size of Class** |
| 13 | 20.    The Complaint contains no allegation of the size of the purported |
| 14 | class.  According to the Complaint, Matalas brings the action on behalf of |
| 15 | herself and a class of all other individuals in California who purchased a Card |
| 16 | from the Bank.  Complaint ¶ 15. |
| 17 | 21.    Under the Program, the Bank issues Cards in a variety of |
| 18 | denominations, which are then sold at the Bank's stores at locations across |
| 19 | California and on the Bank's website at www.wellsfargo.com/giftcard/index. |
| 20 | Hofer Decl. ¶ 3. |
| 21 | 22.    Under the Program, during the period 2006 through 2010 year to |
| 22 | date, there were approximately 480,000 Cards sold in the Bank's branches in |
| 23 | California.  Hofer Decl. ¶ 7.  The Bank sold additional Cards via its website at |
| 24 | www.wellsfargo.com/giftcard/index and directly to businesses in bulk, and |
| 25 | issued Cards pursuant to its Wells Fargo Rewards programs.  *Id*. at ¶ 3.  Thus, |
| 26 | the number of individuals who purchased a Card in California during this |
| 27 | period is well in excess of 100.  *Id*. at ¶ 7. Accordingly, the putative class |
| 28 | would consist of more than 100 people. |

**Amount in Controversy**

23.    The Complaint contains no allegation of the amount in controversy.

24.    Rather, the Complaint alleges that the Cards violate California's gift card law, Civil Code § 1749.5, "by, among other things, imposing an expiration date... the Visa Gift Card imposes a dormancy fee of more than twice the amount permitted by law." Complaint ¶ 21.

25.    Plaintiff further alleges that she (and the other class members) is entitled to damages for the Bank's alleged violation of the FAL.  Complaint ¶ 27.  The Complaint alleges that:  "Defendants use various forms of media to advertise the sale of the Visa Gift Card that are deceptive, untrue or misleading in violation of Section 17500, et seq., of the California Business & Professions Code Section.  These advertisements and practices have deceived, and are likely to deceive, the consuming public, in violation of those sections. ¶ Plaintiff and the Class have been deceived and injured by Defendant's false and misleading advertising, which would lead any reasonable purchaser to believe that the face amount of the Visa Gift Card was, in fact, the amount the purchaser could access when making  purchases and that the face amount would not be subject to arbitrary 'holds.'" Complaint ¶¶ 24-25.

26.    Plaintiff further alleges that she (and the other class members) is entitled to "full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained" by the Bank in connection with its alleged violation of the UCL.  Complaint ¶ 35. The Complaint alleges that:  "Defendant has engaged in unfair competition within the meaning of California Business & Professions Code Section 17200 et seq. because Defendant's conduct is fraudulent, unfair and illegal as herein alleged. Defendant's conduct was substantially injurious to Plaintiff and the Class. ¶ Defendant's wrongful business acts constituted, and constitute, a

DEFENDANT WELLS FARGO BANK,
N.A.'S NOTICE OF REMOVAL

1  continuing course of conduct of unfair competition because Defendant is

2  selling the Visa Gift Card in a manner that is likely to deceive the public.

3  Plaintiff suffered actual and monetary injury because of the illegal acts alleged

4  herein. ¶ Defendant's business practices are unfair because they offend

5  established public policy and/or are immoral, unethical, oppressive,

6  unscrupulous and/or substantially injurious to consumers in that they violated

7  state law and amounted to an illegal taking of property. ¶ Defendant's

8  business practices are unlawful because the conduct constitutes a breach of

9  warranty, false marketing and advertising, as well as the other causes of action

10  herein alleged. ¶ The practices are fraudulent because they deceive customers

11  into purchasing a gift card under the pretense that it could be used like other

12  gift cards that are not subject to 'holds that render the card less valuable than

13  advertised." Complaint ¶¶ 30-34.

14      27.    Additionally, Plaintiff alleges that the complained of "hold" on

15  the Card "is disguised in the Wells Fargo Visa Gift Card Agreement and User

16  Guide that comes with the gift card as a 'Preauthorization Request,' and is not

17  obvious to the buyer of the card. The 'Preauthorization Request' is even

18  further concealed from the user of the card, as details and warnings about the

19  'Preauthorization Request' are not detailed on the actual gift card, but rather

20  deep inside the accompanying Wells Fargo Visa Gift Card Agreement and

21  User Guide in fine print." Complaint ¶ 8.

22      28.    Plaintiff alleges "[t]hese 'holds' prevent the user of the Visa Gift

23  Card from receiving the full face value of the card at certain establishments

24  including restaurants, hotels, taxis, beauty salons, and other places where the

25  patron or card holder may opt to leave gratuity.  These 'holds' also serve to

26  ensure that small balances will remain on the card until they are ultimately

27  forfeited and/or confiscated by the dormancy fees which are assessed

28  beginning twelve months from the date the card is activated." Complaint ¶ 8.

1       29.    Plaintiff does not specify the amount in which the value of each

2   Card has been reduced.

3       30.    Based upon Plaintiff's allegations, however, it is not

4   unreasonable to assume that the amount Plaintiff believes (but does not assert)

5   is at issue in the action is in excess of $5,000,000.  For example, Plaintiff

6   alleges that the Bank "imposes a dormancy fee of more than twice the amount

7   permitted by law," tacitly acknowledging that the Cards are subject to the

8   Wells Fargo Visa Gift Card Customer Agreement (the "Card Agreement").

9   Complaint ¶¶ 20-21.  The Card Agreement provides, in part, that after the first

10   12 months following activation of a card, a $2.50 Monthly Card Fee will be

11   charged each month until the card expires.  Well in excess of 480,000 Bank-

12   issued Cards were purchased during the alleged class period.  Hofer Decl.

13   ¶¶ 3, 7.  If each of the 480,000 Cards was assessed a Monthly Card Fee for six

14   months, reducing the value of each of these Cards by $15.00, the total

15   reduction in value would exceed $5 million (*i.e.*, 480,000 x 6 months x $2.50

16   per month = $7,200,000).  Moreover, Plaintiff's allegations concerning

17   dormancy fees are only one aspect of her allegation that the subject cards were

18   diminished in value.  She further suggests that allegedly improper

19   authorization holds reduced the value of cards by as much as 20% of the

20   card's value at any given time.  Complaint ¶ 8.  In addition, she alleges that,

21   with regard to the nearly half million cards sold, "Plaintiff and the Class are

22   entitled to relief, including full restitution and/or disgorgement of all revenues

23   … which may have been obtained by Defendants as a result of such business

24   acts or practices."  Complaint ¶ 35.  For Plaintiff alone this prayer, if allowed,

25   could constitute $100.

26       31.    Accordingly, and in the context of these allegations, the amount

27   in controversy plainly exceeds $5 million.

28

1

**Conclusion**

2　　　　32.　　Having satisfied the prerequisites for removal, this matter is

3　properly removed to federal court pursuant to 28 U.S.C. § 1332(d).

4　　　　33.　　Counsel for Visa has been consulted concerning this motion and

5　Visa has no objection to removal, as reflected by the signature of Visa's

6　counsel below.

7　　　　　　WHEREFORE, the Bank respectfully requests that this case be removed

8　from Superior Court of the State of California in and for the County of Los

9　Angeles, that this Court exercise jurisdiction over this matter, and that this

10　Court grant the Bank all other appropriate relief.

11

12　Dated:  July 14, 2010　　　　　PILLSBURY WINTHROP SHAW

13　　　　　　　　　　　　　　　PITTMAN LLP
　　　　　　　　　　　　　　　CHRISTINE A. SCHEUNEMAN

14

15　　　　　　　　　　　　　By: _____

16　　　　　　　　　　　　　　　Christine A. Scheuneman

17　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　WELLS FARGO BANK, N.A.

18

19　　　　　　　　　　　　　AGREED AND CONSENTED TO:

20　　　　　　　　　　　　　LOEB & LOEB LLP
　　　　　　　　　　　　　MARK D. CAMPBELL

21

22　　　　　　　　　　　　　By: _____

23　　　　　　　　　　　　　　　Mark D. Campbell

24　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　VISA U.S.A. Inc.

25

26

27

28

DEFENDANT WELLS FARGO BANK,
N.A.'S NOTICE OF REMOVAL

**Conclusion**

32.   Having satisfied the prerequisites for removal, this matter is properly removed to federal court pursuant to 28 U.S.C. § 1332(d).

33.   Counsel for Visa has been consulted concerning this motion and Visa has no objection to removal, as reflected by the signature of Visa's counsel below.

WHEREFORE, the Bank respectfully requests that this case be removed from Superior Court of the State of California in and for the County of Los Angeles, that this Court exercise jurisdiction over this matter, and that this Court grant the Bank all other appropriate relief.

Dated:  July 14, 2010

PILLSBURY WINTHROP SHAW PITTMAN LLP
CHRISTINE A. SCHEUNEMAN

By: _____
        Christine A. Scheuneman

Attorneys for Defendant
WELLS FARGO BANK, N.A.

AGREED AND CONSENTED TO:

LOEB & LOEB LLP
MARK D. CAMPBELL

By: _____
        Mark D. Campbell

Attorneys for Defendant
VISA U.S.A. Inc.

DEFENDANT WELLS FARGO BANK,
N.A.'S NOTICE OF REMOVAL

# EXHIBIT A



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

AP1 / ALL
Transmittal Number: 7745339
Date Processed: 06/16/2010

| | |
|---|---|
| Primary Contact: | Diana Benda - WFB<br>Wells Fargo, Inc.<br>800 Walnut Street<br>Des Moines, IA 50309 |

| | |
|---|---|
| Entity: | Wells Fargo Bank, National Association<br>Entity ID Number 2013649 |
| Entity Served: | Wells Fargo Bank, N.A. |
| Title of Action: | Diane Matalas vs. Visa U.S.A., Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court: | Los Angeles County Superior Court, California |
| Case Number: | BC438476 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/16/2010 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Alan I. Schimmel<br>310-479-9797 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** VISA U.S.A., INC.; WELLS FARGO
**(AVISO AL DEMANDADO):** BANK N.A.; and DOES 1 to 50,
inclusively

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUGENA LOPEZ

**YOU ARE BEING SUED BY PLAINTIFF:** DIANE MATALAS, suing
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individually and on
behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Stanley Mosk<br>111 N. HILL STREET<br>111 N. HILL STREET<br>LOS ANGELES, CA. 90012 | CASE NUMBER:<br>(Número del Caso):<br>BC 438476 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Alan I. Schimmel, Esq., SBN 101328          310.479.9797    310.479.4407
Michael W. Parks, Esq., SBN 154531
SCHIMMEL & PARKS, APLC
11601 Wilshire Blvd., Suite 2100, Los Angeles, CA 90025

DATE:     MAY 27 2010          Clerk, by _____, Deputy
(Fecha)               JOHN A. CLARKE, CLERK     (Secretario)          RUGENA LOPEZ  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Wells Fargo Bank, N.A.
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 3, 2009]

## SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1   Alan I. Schimmel, Esq. SBN 101328
    Michael W. Parks, Esq. SBN 154531
2   Brian A. Carness, Esq. SBN 235603
    SCHIMMEL & PARKS
3   11601 Wilshire Blvd., Suite 2100
    Los Angeles, California 90025
4   Telephone: (310) 479-9797/Facsimile: (310) 479-4407

5   Attorneys for Plaintiffs DIANE MATALAS, suing
    individually and on behalf of all others similarly situated

6

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California

MAY 27 2010

John A. ~~~~~~~~~~~~~~ Officer/Clerk
By ~~~~~~~~~~~~~~~~~~~~~ Deputy
    RUBEN VALDEZ

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8           FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9

10  DIANE MATALAS, suing individually and on     ) Case No.   **BC438476**
    behalf of all others similarly situated,     )
11                                               )
                            Plaintiffs,          ) **CLASS ACTION COMPLAINT FOR**
12                                               ) **DAMAGES**
    vs.                                          )
13                                               ) 1.   **VIOLATION OF SECTION 1749.5 OF**
    VISA U.S.A., INC; WELLS FARGO BANK           )      **THE CALIFORNIA CIVIL CODE, et**
14  N.A.; and DOES 1 to 50, inclusively,         )      **seq.**
                                                 )
15                          Defendants.          ) 2.   **VIOLATION OF CALIFORNIA CIVIL**
                                                 )      **CODE SECTIONS 17500, et seq.**
16                                               )
                                                 ) 3.   **VIOLATIONS OF SECTION 17200 OF**
17                                               )      **THE CALIFORNIA BUSINESS AND**
                                                 )      **PROFESSIONS CODE, et seq.**
18                                               )
                                                 ) **DEMAND FOR JURY TRIAL**
19       COMES NOW, Plaintiff, DIANE MATALAS, suing individually and on behalf of all others

20  similarly situated and for their causes of action against Defendants, and each of them, alleges and

21  complains as follows:

22                              **THE PARTIES**

23       1.      Plaintiff DIANE MATALAS is, and at all times relevant herein was, a resident of

24  Los Angeles County.

25       2.      Defendant Defendant, VISA U.S.A. INC. ("Visa"), is a publicly-traded national bank

26  card association headquartered in San Francisco, California.

27       3.      Defendant WELLS FARGO BANK, N. A. ("Wells Fargo"), is the fourth largest

28  bank in the United States with headquarters in San Francisco, California.  It issues Visa card

---

**CLASS ACTION COMPLAINT FOR DAMAGES**

2010-1011
21089.wpd

1    products, including Visa Gift Cards.

2        4.     Plaintiff is informed and believes, and thereon alleges, that defendants sued herein as

3    DOES 1 to 50 are the alter egos, predecessors, successors, managing agents, partners, joint

4    venturers, principals, agents, subsidiaries, parents, obligors, guarantors, and/or affiliates of all other

5    defendants.  At all relevant times mentioned herein, defendants and DOES 1 to 50, and each of

6    them, participated in, authorized, aided, abetted, order, instructed, directed, approved and/or

7    otherwise ratified the acts alleged herein.  Plaintiff is informed and believes that each of these

8    defendants is an agent, principal, co-conspirator and/or employee of the other defendants, and each

9    of them, and proximately caused the damages complained of herein while acting in such capacity.

10

11    **FACTUAL BACKGROUND**

12        5.     In December of 2009, Plaintiff purchased several Visa Gift Cards directly from a

13    Wells Fargo bank branch.  The cards were purchased in fifty and twenty-five dollar dominations.

14    Plaintiff gave the Visa Gift Cards to her son and daughter-in-law as Christmas presents as they were

15    going to be traveling after the Christmas holiday, and Plaintiff believed that Visa Gift Cards would

16    be safer to travel with than cash.

17        6.     Plaintiff believed that if she gave her children a fifty dollar gift card, it would be

18    worth fifty dollars in merchandise or services on their trip.  Plaintiff believed that if she gave her

19    children a twenty-five dollar gift card, that card would be worth twenty-five dollars in merchandise

20    or services on their trip.

21        7.     Visa Gift Cards have an expiration date printed on the face of the card.  Moreover,

22    twelve months after the date the card is activated, a $2.50 fee is assessed each month until the card

23    expires.  The Visa Gift Card, although it says "debit" on its face, does not operate like a debit card.

24    The Visa Gift Card cannot be used at an ATM machine, its balance is not a deposit account, and the

25    value of the card cannot be increased after the Visa Gift Card is issued.

26        8.     Also unlike a debit card, a portion of the Visa Gift Card balance is subject to

27    "holds."  These "holds" prevent the user of the Visa Gift Card from receiving the full face value of

28    the card at certain establishments including restaurants, hotels, taxis, beauty salons, and other

**CLASS ACTION COMPLAINT FOR DAMAGES**
2

1    establishments where the patron or card holder may opt to leave gratuity.  These "holds" also serve

2    to ensure that small balances will remain on the card until they are ultimately forfeited and/or

3    confiscated by the dormancy fees which are assessed beginning twelve months from the date the

4    card is activated.  The "hold" is disguised in the Wells Fargo Visa Gift Card Agreement and User

5    Guide that comes with the gift card as a "Preauthorization Request," and is not obvious to the buyer

6    of the card.  The "Preauthorization Request" is even further concealed from the user of the card, as

7    details and warnings about the "Preauthorization Request" are not detailed on the actual gift card,

8    but rather deep inside the accompanying Wells Fargo Visa Gift Card Agreement and User Guide in

9    fine print.

10           9.          On December 27, 2010, Plaintiffs son and daughter-in-law attempted to use three (3)

11   of their Visa Gift Cards at a restaurant on vacation.  Two of the cards had a fifty dollar beginning

12   balance, and the third had a twenty-five dollar beginning balance.  The total amount of their bill was

13   approximately $150.00.  Plaintiffs son and daughter-in-law presented the server with the three Visa

14   Gift Cards, and planned to pay any remaining balance due on the dining check with cash or an

15   actual credit card.  They informed the server how much was on each card, and instructed him to

16   apply the full balance of each card to their check.  The server returned, and advised them that, in his

17   experience as a restaurant server, Visa Gift Cards never "rang through" for the full amount of the

18   card, even if the card was brand new.  He stated that if a customer represented a card was worth

19   fifty dollars, he would first try to run it through for fifty dollars, and when it got declined, which it

20   invariably did, he would subtract five dollar increments until the card was accepted.  In this case, he

21   tried to run the first fifty dollar card through for fifty dollars, and it was declined.  He then tried to

22   run it through for forty-five dollars, and the card was again declined.  The server then ran the card

23   for forty dollars, and it was accepted.  He repeated this process for the other fifty dollar card with

24   the same results.  He repeated this process for the twenty-five dollar card, and, initially declined, it

25   was accepted on the second try for twenty dollars.  Plaintiffs son and daughter-in-law paid for the

26   balance of their check out of pocket.

27           10.         Plaintiffs daughter-in-law called the Customer Service number on the back of one of

28   the Wells Fargo Visa Gift Cards to inquire as to why she and her husband were not allowed to

1  access the full amount of the card that was gifted to them. She was informed by the representative

2  that merchants who accepted tips (i.e. restaurants, bars, hotels, taxis, etc.) would not accept the full

3  balance of the gift cards because the merchants and their servers were getting shorted on their tips

4  when they did. The representative never identified the "hold" as a "Preauthorization Request" and

5  essentially blamed the merchant for not accepting the full value of the card. The representative

6  further stated that any balance remaining on the card could be held indefinitely, or until the

7  merchant released the balance, indicating they had been paid the full amount of their check. The

8  representative denied Wells Fargo having any control over the "held" amount being released.

9      11.    Plaintiffs son and daughter-in-law were now in possession of two cards with ten

10  dollar balances (originally "loaded" with fifty dollars) and one card with a five dollar balance

11  (originally "loaded" with twenty-five dollars). Plaintiffs son and daughter-in-law tried several more

12  times throughout their vacation to use the balances left on their cards on various merchandise, but

13  each time the cards were denied.

14      12.    On January 4, 2010, after returning home from vacation, Plaintiff's daughter-in-law

15  made a purchase at a CVS Pharmacy. Although there was ostensibly a balance of ten dollars

16  remaining on the two Visa Gift Cards that were originally worth fifty dollars, only four dollars was

17  accepted by CVS Pharmacy from each card because the "hold" was placed on the remaining

18  balances. CVS Pharmacy is not a merchant that accepts gratuities of any kind, meaning purchases

19  made at CVS Pharmacy would not be subject to a "Preauthorization Request" per the terms of the

20  Wells Fargo Visa Gift Card Agreement and User Guide.

21      13.    It was several weeks later before Plaintiff's daughter-in-law was able to use the

22  remaining balances of the Visa Gift Cards towards a purchase at a grocery store.

23

24                          **CLASS ACTION ALLEGATIONS**

25      14.    Plaintiff realleges and incorporates herein by reference, as though set forth in full,

26  each and every allegation contained within paragraphs 1 through 7 above.

27      15.    Plaintiff brings this action on behalf of herself and a class of individuals in California

28  who purchased a Visa Gift Cards from Wells Fargo (the "Class"). Plaintiff is informed and believes,

2010-1011
21089.wpd

**CLASS ACTION COMPLAINT FOR DAMAGES**

4

1   and thereon alleges, that the number of potential class members is so large that it is impracticable to

2   bring all class members before the Court.

3       16.   Plaintiff is informed and believes, and thereon alleges, that the questions of law and

4   fact common to the class are substantially similar and predominate over the questions affecting

5   individual members. These questions of law and fact include, but are not limited to whether

6   Defendants sell a gift card with terms that violate California law, whether Defendants misrepresent

7   the Visa Gift Card as a debit card, whether Defendants' practice of placing "holds" on card balances

8   is deceptive and a violation of California law, and whether Defendants' practice of placing "holds"

9   on balances is part of a scheme to profit from the money held and from the resulting residual

10   balances.

11       17.   Plaintiff is informed and believes, and thereon alleges, that her claims are typical of

12   the claims of the class.

13       18.   Plaintiff is informed and believes, and thereon alleges, that she is able to fairly and

14   adequately represent and protect the interests of the class. Plaintiff is also informed and believes

15   that counsel is adequate to effectively represent the proposed class.

16

17                  **FIRST CAUSE OF ACTION**

18   **VIOLATION OF SECTION 1749.5 OF THE CALIFORNIA CIVIL CODE**

19                **(Against all Defendants)**

20       19:   Plaintiff incorporates by reference and re-alleges as if fully stated herein the

21   allegations set out above in paragraphs 1 through 18.

22       20.   Section 1749.5 of the California Civil Code regulates gift cards. It specifically

23   prohibits, among other practices relevant herein, the sale of gift cards that have an expiration date.

24   Moreover, the statute specifies that dormancy fees cannot exceed $1.00 per month.

25       21.   The Visa Gift Card violates Section 1749.5 by, among other things, imposing an

26   expiration date. Not only is there an explicit expiration date on the card, but the dormancy fees

27   inherently operate as an implicit expiration date. Moreover, the Visa Gift Card imposes a dormancy

28   fee of more than twice the amount permitted by law.

**CLASS ACTION COMPLAINT FOR DAMAGES**

5

1   22.     As a direct and proximate result of Defendants' actions, Plaintiff and the Class have

2   suffered monetary damages in an amount to be proven at trial.

3

4   ### SECOND CAUSE OF ACTION

5   ### VIOLATION OF SECTIONS 17500, ET SEQ

6   **(Against all Defendants)**

7   23.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

8   allegations set out above in paragraphs 1 through 22.

9   24.     Defendants use various forms of media to advertise the sale of the Visa Gift Card

10  that are deceptive, untrue or misleading in violation of Section 17500, et seq., of the California

11  Business & Professions Code Section.  These advertisements and practices have deceived, and are

12  likely to deceive, the consuming public, in violation of those sections.

13  25.     Plaintiff and the Class have been deceived and injured by Defendant's false and

14  misleading advertising, which would lead any reasonable purchaser to believe that the face amount

15  of the Visa Gift Card was, in fact, the amount the purchaser could access when making purchases

16  and that the face amount would not be subject to arbitrary "holds."

17  26.     Defendant's business acts and practices, as alleged herein, have caused injury to

18  Plaintiff, the Class, and the public.

19  27.     Given the above-stated violation, Plaintiff and the Class are entitled to damages

20  including without limitation injunctive relief, enjoining Defendants engaging in the practices

21  described herein.

22

23  ### THIRD CAUSE OF ACTION

24  ### VIOLATIONS OF SECTION 17200 OF THE CALIFORNIA BUSINESS AND

25  ### PROFESSIONS CODE

26  **(Against all Defendants)**

27  28.     Plaintiff incorporates by reference and re-alleges as if fully stated  herein the

28  allegations set out above in paragraphs 1 through 27.

2010-1011
21089.wpd

**CLASS ACTION COMPLAINT FOR DAMAGES**

6

29.      Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through 58, set forth above.

30.      Defendant has engaged in unfair competition within the meaning of California Business & Professions Code Section 17200 et seq. because Defendant's conduct is fraudulent, unfair and illegal as herein alleged. Defendant's conduct was substantially injurious to Plaintiff and the Class.

31.      Defendant's wrongful business acts constituted, and constitute, a continuing course of conduct of unfair competition because Defendant is selling the Visa Gift Card in a manner that is likely to deceive the public. Plaintiff suffered actual and monetary injury because of the illegal acts alleged herein.

32.      Defendant's business practices are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that they violated state law and amounted to an illegal taking of property.

33.      Defendant's business practices are unlawful because the conduct constitutes a breach of warranty, false marketing and advertising, as well as the other causes of action herein alleged.

34.      The practices are fraudulent because they deceive customers into purchasing a gift card under the pretense that it could be used like other gift cards that are not subject to "holds" that render the card less valuable than advertised.

35.      Plaintiff and the Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendant as a result of such business acts or practices.

36.      Plaintiff will also seek recovery of all costs and attorneys' fees incurred in connection with the investigation and prosecution of the wrongful conduct alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment as follows:

### ON THE FIRST CAUSE OF ACTION

1.      For general damages in an amount according to proof at time of trial; and

2010-1011
21089.wpd

1    2.        For special and consequential damages in an amount according to proof at time of
2    trial; and

3    3.        For exemplary and/or punitive damages in an amount to be determined according to
4    proof at time of trial; and

5    4.        For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5  and
6    as otherwise provided for by law.

7                          **ON THE SECOND CAUSE OF ACTION**

8    1.        For general damages in an amount according to proof at time of trial; and

9    2.        For special and consequential damages in an amount according to proof at time of
10   trial; and

11   3.        For exemplary and/or punitive damages in an amount to be determined according
12   proof at time of trial; and

13   4.        For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5  and
14   as otherwise provided for by law.

15                          **ON THE THIRD CAUSE OF ACTION**

16   1.        For general damages in an amount according to proof at time of trial; and

17   2.        For special and consequential damages in an amount according to proof at time of
18   trial; and

19   3.        For exemplary and/or punitive damages in an amount to be determined according to
20   proof at time of trial; and

21   4.        For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5  and
22   as otherwise provided for by law.

23

24                          **ON ALL CAUSES OF ACTION**

25   1.        For general damages in an amount according to proof at time of trial; and

26   2.        For special and consequential damages in an amount according to proof at time of
27   trial; and

28   3.        For exemplary and/or punitive damages in an amount to be determined according to

**CLASS ACTION COMPLAINT FOR DAMAGES**

1   proof at time of trial; and

2

3       4.       For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5 and

4   as otherwise provided for by law.

5

6   DATED: May 26, 2010

                    SCHIMMEL & PARKS
                    *A Professional Law Corporation*

7

8

9                       Alan I. Schimmel

10                      Michael W. Parks
                    Brian A. Carness

11                      Attorneys for Plaintiffs DIANE MATALAS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT FOR DAMAGES**

9

1

### DEMAND FOR JURY TRIAL

2    Plaintiffs hereby demands a trial by jury of the causes of action and claims asserted herein.

3    DATED: May 26, 2010                    SCHIMMEL & PARKS
                                            *A Professional Law Corporation*
4

5

6                                           Alan I. Schimmel
                                            Michael W. Parks
7                                           Brian A. Carness
                                            Attorneys for Plaintiffs DIANE MATALAS, suing
8                                           individually and on behalf of all others similarly
                                            situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2010-1011
21089.wpd

### CLASS ACTION COMPLAINT FOR DAMAGES
10

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
Alan I. Schimmel, Esq., SBN 101328
Michael W. Parks, Esq., SBN 154531
SCHIMMEL & PARKS, APLC
11601 Wilshire Blvd., Suite 2100
Los Angeles, CA 90025
TELEPHONE NO.: 310.479.9797   FAX NO.: 310.479.4407
ATTORNEY FOR *(Name):* Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUBEN LOPEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Matalas v. Wells Fargo

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC438476 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties    d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Three
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:

Alan I. Schimmel, Esq., SBN 101328
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                         CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice—
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer*
     *or wrongful eviction)*
   Contract/Warranty Breach—Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
     *domain, landlord/tenant, or*
     *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-*
     *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
     *harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
     Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]               **CIVIL CASE COVER SHEET**                Page 2 of 2

| SHORT TITLE: | Matalas v. Wells Fargo | CASE NUMBER | BC 4 3 8 4 7 6 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 25 [ ] HOURS/ [X] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] | A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] | A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] | A6070  Asbestos Property Damage | 2. |
| | | [ ] | A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] | A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] | A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] | A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] | A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] | A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] | A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] | A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [X] | A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] | A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] | A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] | A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

24

| | SHORT TITLE: Matalas v. Wells Fargo | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

25

| SHORT TITLE: Matalas v. Wells Fargo | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:  Matalas v. Wells Fargo | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [x]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>5/26/2010</u>                              _____
                                                    (SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04                    **CIVIL CASE COVER SHEET ADDENDUM
                                       AND STATEMENT OF LOCATION**                    LASC, rule 2.0
                                                                                      Page 4 of 4

27

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 1 of 2

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8585 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3180 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)974-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 2 of 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE   BC 488476

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave, Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____        JOHN A. CLARKE, Executive Officer/Clerk
                                                    By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

1   Alan I. Schimmel, Esq., SBN 101328
    Michael W. Parks, Esq. SBN 154531
2   Brian A. Carness, Esq., SBN 235603
    Stacey R. Cutting, Esq. SBN 265993
3   SCHIMMEL & PARKS
    11601 Wilshire Blvd., Suite 2100
4   Los Angeles, California 90025
    Telephone: (310) 479-9797/Facsimile: (310) 479-4407
5
    Paul D. Inman, Esq., SBN 102254
6   Law Offices of Paul D. Inman
    11601 Wilshire Blvd., Suite 2100
7   Los Angeles, California 90025
    Telephone: (917) 568-0077 • Facsimile: (520) 747-2218
8
    Attorneys for Plaintiffs DIANE MATALAS, SUING
9   INDIVIDUALLY AND ON BEHALF OF ALL
    OTHERS SIMILARLY SITUATED
10

11

12                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                 FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

14

15   DIANE MATALAS, suing individually and on    )  Case No. BC438476
     behalf of all others similarly situated,    )  [Assigned to Dept. 323, Hon. Carolyn B. Kuhl]
16                                               )
                            Plaintiffs,           )  NOTICE OF REASSIGNMENT OF
17                                               )  COMPLEX CASE AND ORDER FOR
     vs.                                          )  PLAINTIFF TO GIVE NOTICE
18                                               )
     VISA U.S.A., INC; WELLS FARGO BANK          )  FILED:      May 27, 2010
19   N.A.; and DOES 1 to 50, inclusively,        )  FSC:        None
                                                 )  TRIAL:      None
20                          Defendants.           )
                                                 )
21                                               )

22          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23          PLEASE TAKE NOTICE that effective June 9, 2010, the Court has ordered the above-

24   entitled case is complex and re-assigned it to Hon. Carolyn B. Kuhl, Department 323, Central Civil

25   West Courthouse, located at 600 S. Commonwealth Street, Los Angeles, California 90005.  This case

26   is ordered stayed until the initial status conference.

27          PLEASE TAKE FURTHER NOTICE that the Clerk in Department 323 will notify counsel

28   of an Initial Status Conference.

---

**NOTICE OF REASSIGNMENT OF COMPLEX CASE AND ORDER FOR PLAINTIFF
TO GIVE NOTICE**

2010-1011
23277.wpd

1   Code of Civil Procedure § 170.6 is not stayed.

2   Counsel for Plaintiffs were ordered to give notice.

3   A true and correct copy of the Court's order is attached hereto as Exhibit "A."

4

5   DATED: June 14, 2010                    SCHIMMEL & PARKS
                                            *A Professional Law Corporation*
6

7

8                                           Alan I. Schimmel
                                            Michael W. Parks
9                                           Brian A. Carness
                                            Stacey R. Cutting
10                                          Attorneys for Plaintiffs DIANE MATALAS, SUING
                                            INDIVIDUALLY AND ON BEHALF OF ALL
11                                          OTHERS SIMILARLY SITUATED

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REASSIGNMENT OF COMPLEX CASE AND ORDER FOR PLAINTIFF
TO GIVE NOTICE**

2

2010-1011
23277.wpd

**EXHIBIT A**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 06/09/10 | | | DEPT. 324 |
|---|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC438476 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | DIANE MATALAS VS VISA USA INC ET AL | Defendant Counsel | |
| | DEEMED COMPLEX (06-09-10) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes it determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated complex and is reassigned to Judge Carolyn B. Kuhl in Department 323 at the Central Civil West Courthouse for all further proceedings and for all purposes.

The case is ordered stayed until the initial status conference date. Notice of Initial Status Conference is to be given by the Clerk in Department 323. No responsive pleadings may be filed. Parties may file a Notice of Appearance in lieu of an answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a general appearance and shall not waive any substantive or procedural challenge to the complaint. Nothing herein stays the time for filing affidavit of prejudice pursuant to Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616 (c), each party is ordered to pay $550.00 for complex fees, payable to Los Angeles Superior Court, within ten (10) calendar days from this date.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of

Page   1 of   3   DEPT. 324

DOC#_____
FILE
6A 10

MINUTES ENTERED
06/09/10
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/09/10 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS    JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC438476 | Plaintiff Counsel | NO APPEARANCES |
| | DIANE MATALAS VS VISA USA INC ET AL | Defendant Counsel | |
| | DEEMED COMPLEX (06-09-10) | | |

**NATURE OF PROCEEDINGS:**

service in the assigned department within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 06-09-10 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 06-10-10

John A. Clarke, Executive Officer/Clerk

Page   2 of  3   DEPT. 324

MINUTES ENTERED
06/09/10
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/09/10                                                    **DEPT.** 324

HONORABLE EMILIE H. ELIAS                    JUDGE    A. MORALES              **DEPUTY CLERK**

HONORABLE                                    JUDGE PRO TEM                    ELECTRONIC RECORDING MONITOR

    NONE                  Deputy Sheriff    NONE                              Reporter

---

8:30 am  BC438476                            Plaintiff
                                             Counsel
         DIANE MATALAS                                     NO APPEARANCES
         VS
         VISA USA INC ET AL                  Defendant
                                             Counsel


         DEEMED COMPLEX (06-09-10)

---

**NATURE OF PROCEEDINGS:**


By:     **KIN HILAIRE**
           K. HILAIRE



     SCHIMMEL & PARKS
     Alan I. Schimmel, Esq.
     11601 Wilshire Boulevard, Suite 2100
     Los Angeles, California  90025



                    Page    3 of  3    DEPT. 324

                                             ┌─────────────────────┐
                                             │ MINUTES ENTERED     │
                                             │ 06/09/10            │
                                             │ COUNTY CLERK        │
                                             └─────────────────────┘



**CSC**

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

DDZ / ALL
Transmittal Number: 7785441
Date Processed: 06/30/2010

| | |
|---|---|
| Primary Contact: | Diana Benda - WFB<br>Wells Fargo, Inc.<br>800 Walnut Street<br>Des Moines, IA 50309 |

| | |
|---|---|
| Entity: | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| Entity Served: | Wells Fargo |
| Title of Action: | Diane Matalas vs. Visa U.S.A., Inc |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Other |
| Court: | Los Angeles County Superior Court, California |
| Case Number: | BC438476 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/30/2010 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Alan I. Schimmel<br>310-479-9797 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



Alan I. Schimmel*
Michael W. Parks

Brian A. Carness
Stacey R. Cutting
*Member California and Nevada Bar

June 25, 2010

**VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED**
Wells Fargo
c/o CSC-Lawyers Incorporating Service
2730 Gateway Oaks Drive, Ste. 100
Sacramento CA, 95833

      Re:    <u>Matalas v. Wells Fargo</u>
           <u>Notice of Consumer Legal Remedies Act Violations</u>
           Case No.   :      BC438476
           Our File No. :    2010-1011

Dear Agent:

      We have reviewed facts and information related to Wells Fargo Bank, National Association ("Wells Fargo") Client, Diane Matalas. Well's Fargo's "Visa Gift Card" and associated business practices are unconscionable and violate the California Consumer Legal Remedies Act. This letter will serve to provide notice to Wells Fargo of violations of the California Consumer Legal Remedies Act pursuant to *California Civil Code § 1782* on behalf of Diane Matalas and all similarly situated individuals. Notice is served on you as the designated agent for service of process for Wells Fargo Bank, National Association, on file with the California Secretary of State. A copy of the complaint setting forth the supporting factual allegations and claims for CLRA violations is enclosed.

      Under *California Civil Code § 1782(a)(1)*, notice is provided regarding the following unlawful business and consumer practices:

      1) Representing to Mrs. Matalas and other consumers that Wells Fargo's Visa Gift Cards are of a particular standard, providing a gift card that may be used as cash for purchases for the entire face value of the card, when they are of another standard. *California Civil Code § 1770(a)(7)*;

      2) Representing to Mrs. Matalas and others, that the holder of a Wells Fargo Visa Gift Card is conferred certain rights, remedies and/or obligations which they do not have and/or which were prohibited by law, including but not limited to the following:

11601 Wilshire Boulevard, Suite 2100 Los Angeles, California 90025
Telephone: 310.479.9707   Facsimile: 310.479.4407   Website: www.spattorneys.com

Wells Fargo
**Re:**   Matalas v. Wells Fargo: Notice of CLRA Violations
June 25, 2010
Page 2

a) the Wells Fargo Visa Gift Card Agreement and User Guide is illegal and/or
unconscionable; b) the expiration date on the face of the gift card when such practices
were illegal, unconscionable and/or invalid; c) the $2.50 monthly assessment fee after a
twelve month period when such payment provisions were illegal and/or
unconscionable; d) illegal, invalid, unconscionable, non-existent and/or concealed
practices and/or standards in relation to the use of the word "debit" on the face of the
gift cards; e) illegal, invalid, unconscionable, non-existent and/or concealed
"preauthorization request" practices and/or standards. *California Civil Code §
1770(a)(14), (16);*

   3) Inserting unconscionable provisions and/or fees in its Wells Fargo Visa Gift
Card Agreement and User Guide. *California Civil Code § 1770(a)(19);*

   4) Engaging in false and deceptive advertising that Wells Fargo provides Visa
Gift Cards that are for the full face value actually paid for, provides and/or guarantees
providing services, which Wells Fargo either fails to, is not permitted to, or is not
allowed to, provide. *California Civil Code § 1770(a)(5).*

   Under *California Civil Code § 1782(a)(2)*, demand is hereby made for Wells Fargo
to correct and rectify the unfair services and transactions alleged to violate Civil Code §
1770 and to return all monies obtained from all similarly situated consumers.

                          Sincerely,

                          SCHIMMEL & PARKS
                          *A Professional Law Corporation*

                          Michael W. Parks

MWP:src
23233.wpd

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** VISA U.S.A., INC; WELLS FARGO
**(AVISO AL DEMANDADO):** BANK N.A.; and DOES 1 to 50,
inclusively

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
RUCENA LOPEZ

**YOU ARE BEING SUED BY PLAINTIFF:** DIANE MATALAS, suing
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** individually and on
behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Stanley Mosk<br>111 N. HILL STREET<br>111 N. HILL STREET<br>LOS ANGELES, CA. 90012 | **CASE NUMBER:**<br>(Número del Caso):<br>BC 438476 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Alan I. Schimmel, Esq., SBN 101328    310.479.9797    310.479.4407
Michael W. Parks, Esq., SBN 154531
SCHIMMEL & PARKS, APLC
11601 Wilshire Blvd, Suite 2100, Los Angeles, CA 90025

DATE: MAY 27 2010    Clerk, by _____, Deputy
(Fecha)    (Secretario)    (Adjunto)

JOHN A. CLARKE    RUCENA LOPEZ

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

1  Alan I. Schimmel, Esq. SBN 101328
   Michael W. Parks, Esq. SBN 154531
2  Brian A. Carness, Esq. SBN 235603
   SCHIMMEL & PARKS
3  11601 Wilshire Blvd., Suite 2100
   Los Angeles, California 90025
4  Telephone: (310) 479-9797/Facsimile: (310) 479-4407

5  Attorneys for Plaintiffs DIANE MATALAS, suing
   individually and on behalf of all others similarly situated

6

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California

MAY 27 2010

John A. _____, _____ _____/Clerk
By _____, Deputy
    RUBEN VELEZ

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9

10  DIANE MATALAS, suing individually and on   )   Case No.  BC438476
    behalf of all others similarly situated,      )
11                                                 )   CLASS ACTION COMPLAINT FOR
                         Plaintiffs,               )   DAMAGES
12                                                 )
    vs.                                            )   1.   VIOLATION OF SECTION 1749.5 OF
13                                                 )        THE CALIFORNIA CIVIL CODE, et
    VISA U.S.A., INC; WELLS FARGO BANK            )        seq.
14  N.A.; and DOES 1 to 50, inclusively,          )
                                                   )   2.   VIOLATION OF CALIFORNIA CIVIL
15                       Defendants.               )        CODE SECTIONS 17500, et seq.
                                                   )
16                                                 )   3.   VIOLATIONS OF SECTION 17200 OF
                                                   )        THE CALIFORNIA BUSINESS AND
17                                                 )        PROFESSIONS CODE, et seq.
                                                   )
                                                   )   DEMAND FOR JURY TRIAL
18

19          COMES NOW, Plaintiff, DIANE MATALAS, suing individually and on behalf of all others

20  similarly situated and for their causes of action against Defendants, and each of them, alleges and

21  complains as follows:

22                                    **THE PARTIES**

23          1.      Plaintiff DIANE MATALAS is, and at all times relevant herein was, a resident of

24  Los Angeles County.

25          2.      Defendant Defendant, VISA U.S.A. INC. ("Visa"), is a publicly-traded national bank

26  card association headquartered in San Francisco, California.

27          3.      Defendant WELLS FARGO BANK, N. A. ("Wells Fargo"), is the fourth largest

28  bank in the United States with headquarters in San Francisco, California.  It issues Visa card

2010-1011
21080.wpd

─────────────────────────────────────────────
                **CLASS ACTION COMPLAINT FOR DAMAGES**

1    products, including Visa Gift Cards.

2         4.      Plaintiff is informed and believes, and thereon alleges, that defendants sued herein as

3    DOES 1 to 50 are the alter egos, predecessors, successors, managing agents, partners, joint

4    venturers, principals, agents, subsidiaries, parents, obligors, guarantors, and/or affiliates of all other

5    defendants.  At all relevant times mentioned herein, defendants and DOES 1 to 50, and each of

6    them, participated in, authorized, aided, abetted, order, instructed, directed, approved and/or

7    otherwise ratified the acts alleged herein.  Plaintiff is informed and believes that each of these

8    defendants is an agent, principal, co-conspirator and/or employee of the other defendants, and each

9    of them, and proximately caused the damages complained of herein while acting in such capacity.

10

11                              **FACTUAL BACKGROUND**

12        5.      In December of 2009, Plaintiff purchased several Visa Gift Cards directly from a

13   Wells Fargo bank branch.  The cards were purchased in fifty and twenty-five dollar dominations.

14   Plaintiff gave the Visa Gift Cards to her son and daughter-in-law as Christmas presents as they were

15   going to be traveling after the Christmas holiday, and Plaintiff believed that Visa Gift Cards would

16   be safer to travel with than cash.

17        6.      Plaintiff believed that if she gave her children a fifty dollar gift card, it would be

18   worth fifty dollars in merchandise or services on their trip.  Plaintiff believed that if she gave her

19   children a twenty-five dollar gift card, that card would be worth twenty-five dollars in merchandise

20   or services on their trip.

21        7.      Visa Gift Cards have an expiration date printed on the face of the card.  Moreover,

22   twelve months after the date the card is activated, a $2.50 fee is assessed each month until the card

23   expires.  The Visa Gift Card, although it says "debit" on its face, does not operate like a debit card.

24   The Visa Gift Card cannot be used at an ATM machine, its balance is not a deposit account, and the

25   value of the card cannot be increased after the Visa Gift Card is issued.

26        8.      Also unlike a debit card, a portion of the Visa Gift Card balance is subject to

27   "holds."  These "holds" prevent the user of the Visa Gift Card from receiving the full face value of

28   the card at certain establishments including restaurants, hotels, taxis, beauty salons, and other

**CLASS ACTION COMPLAINT FOR DAMAGES**
2

1   establishments where the patron or card holder may opt to leave gratuity. These "holds" also serve

2   to ensure that small balances will remain on the card until they are ultimately forfeited and/or

3   confiscated by the dormancy fees which are assessed beginning twelve months from the date the

4   card is activated. The "hold" is disguised in the Wells Fargo Visa Gift Card Agreement and User

5   Guide that comes with the gift card as a "Preauthorization Request," and is not obvious to the buyer

6   of the card. The "Preauthorization Request" is even further concealed from the user of the card, as

7   details and warnings about the "Preauthorization Request" are not detailed on the actual gift card,

8   but rather deep inside the accompanying Wells Fargo Visa Gift Card Agreement and User Guide in

9   fine print.

10         9.          On December 27, 2010, Plaintiffs son and daughter-in-law attempted to use three (3)

11   of their Visa Gift Cards at a restaurant on vacation. Two of the cards had a fifty dollar beginning

12   balance, and the third had a twenty-five dollar beginning balance. The total amount of their bill was

13   approximately $150.00. Plaintiffs son and daughter-in-law presented the server with the three Visa

14   Gift Cards, and planned to pay any remaining balance due on the dining check with cash or an

15   actual credit card. They informed the server how much was on each card, and instructed him to

16   apply the full balance of each card to their check. The server returned, and advised them that, in his

17   experience as a restaurant server, Visa Gift Cards never "rang through" for the full amount of the

18   card, even if the card was brand new. He stated that if a customer represented a card was worth

19   fifty dollars, he would first try to run it through for fifty dollars, and when it got declined, which it

20   invariably did, he would subtract five dollar increments until the card was accepted. In this case, he

21   tried to run the first fifty dollar card through for fifty dollars, and it was declined. He then tried to

22   run it through for forty-five dollars, and the card was again declined. The server then ran the card

23   for forty dollars, and it was accepted. He repeated this process for the other fifty dollar card with

24   the same results. He repeated this process for the twenty-five dollar card, and, initially declined, it

25   was accepted on the second try for twenty dollars. Plaintiffs son and daughter-in-law paid for the

26   balance of their check out of pocket.

27         10.         Plaintiffs daughter-in-law called the Customer Service number on the back of one of

28   the Wells Fargo Visa Gift Cards to inquire as to why she and her husband were not allowed to

**CLASS ACTION COMPLAINT FOR DAMAGES**

3

2010-1011
21089.wpd

1   access the full amount of the card that was gifted to them. She was informed by the representative

2   that merchants who accepted tips (i.e. restaurants, bars, hotels, taxis, etc.) would not accept the full

3   balance of the gift cards because the merchants and their servers were getting shorted on their tips

4   when they did. The representative never identified the "hold" as a "Preauthorization Request" and

5   essentially blamed the merchant for not accepting the full value of the card. The representative

6   further stated that any balance remaining on the card could be held indefinitely, or until the

7   merchant released the balance, indicating they had been paid the full amount of their check. The

8   representative denied Wells Fargo having any control over the "held" amount being released.

9        11.     Plaintiffs son and daughter-in-law were now in possession of two cards with ten

10   dollar balances (originally "loaded" with fifty dollars) and one card with a five dollar balance

11   (originally "loaded" with twenty-five dollars). Plaintiffs son and daughter-in-law tried several more

12   times throughout their vacation to use the balances left on their cards on various merchandise, but

13   each time the cards were denied.

14        12.     On January 4, 2010, after returning home from vacation, Plaintiff's daughter-in-law

15   made a purchase at a CVS Pharmacy. Although there was ostensibly a balance of ten dollars

16   remaining on the two Visa Gift Cards that were originally worth fifty dollars, only four dollars was

17   accepted by CVS Pharmacy from each card because the "hold" was placed on the remaining

18   balances. CVS Pharmacy is not a merchant that accepts gratuities of any kind, meaning purchases

19   made at CVS Pharmacy would not be subject to a "Preauthorization Request" per the terms of the

20   Wells Fargo Visa Gift Card Agreement and User Guide.

21        13.     It was several weeks later before Plaintiff's daughter-in-law was able to use the

22   remaining balances of the Visa Gift Cards towards a purchase at a grocery store.

23

24                          **CLASS ACTION ALLEGATIONS**

25        14.     Plaintiff realleges and incorporates herein by reference, as though set forth in full,

26   each and every allegation contained within paragraphs 1 through 7 above.

27        15.     Plaintiff brings this action on behalf of herself and a class of individuals in California

28   who purchased a Visa Gift Cards from Wells Fargo (the "Class"). Plaintiff is informed and believes,

**CLASS ACTION COMPLAINT FOR DAMAGES**

4

1    and thereon alleges, that the number of potential class members is so large that it is impracticable to

2    bring all class members before the Court.

3        16.    Plaintiff is informed and believes, and thereon alleges, that the questions of law and

4    fact common to the class are substantially similar and predominate over the questions affecting

5    individual members.  These questions of law and fact include, but are not limited to whether

6    Defendants sell a gift card with terms that violate California law, whether Defendants misrepresent

7    the Visa Gift Card as a debit card, whether Defendants' practice of placing "holds" on card balances

8    is deceptive and a violation of California law, and whether Defendants' practice of placing "holds"

9    on balances is part of a scheme to profit from the money held and from the resulting residual

10   balances.

11       17.    Plaintiff is informed and believes, and thereon alleges, that her claims are typical of

12   the claims of the class.

13       18.    Plaintiff is informed and believes, and thereon alleges, that she is able to fairly and

14   adequately represent and protect the interests of the class.  Plaintiff is also informed and believes

15   that counsel is adequate to effectively represent the proposed class.

16

17                        **FIRST CAUSE OF ACTION**

18        **VIOLATION OF SECTION 1749.5 OF THE CALIFORNIA CIVIL CODE**

19                        **(Against all Defendants)**

20       19.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

21   allegations set out above in paragraphs 1 through 18.

22       20.    Section 1749.5 of the California Civil Code regulates gift cards.  It specifically

23   prohibits, among other practices relevant herein,  the sale of gift cards that have an expiration date.

24   Moreover, the statute specifies that dormancy fees cannot exceed $1.00 per month.

25       21.    The Visa Gift Card violates Section 1749.5 by, among other things, imposing an

26   expiration date.  Not only is there an explicit expiration date on the card, but the dormancy fees

27   inherently operate as an implicit expiration date.  Moreover, the Visa Gift Card imposes a dormancy

28   fee of more than twice the amount permitted by law.

**CLASS ACTION COMPLAINT FOR DAMAGES**

1     22.     As a direct and proximate result of Defendants' actions, Plaintiff and the Class have

2 suffered monetary damages in an amount to be proven at trial.

3

4 **SECOND CAUSE OF ACTION**

5 **VIOLATION OF SECTIONS 17500, ET SEQ**

6 **(Against all Defendants)**

7     23.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

8 allegations set out above in paragraphs 1 through 22.

9     24.     Defendants use various forms of media to advertise the sale of the Visa Gift Card

10 that are deceptive, untrue or misleading in violation of Section 17500, et seq., of the California

11 Business & Professions Code Section.  These advertisements and practices have deceived, and are

12 likely to deceive, the consuming public, in violation of those sections.

13     25.     Plaintiff and the Class have been deceived and injured by Defendant's false and

14 misleading advertising, which would lead any reasonable purchaser to believe that the face amount

15 of the Visa Gift Card was, in fact, the amount the purchaser could access when making purchases

16 and that the face amount would not be subject to arbitrary "holds."

17     26.     Defendant's business acts and practices, as alleged herein, have caused injury to

18 Plaintiff, the Class, and the public.

19     27.     Given the above-stated violation, Plaintiff and the Class are entitled to damages

20 including without limitation injunctive relief, enjoining Defendants engaging in the practices

21 described herein.

22

23 **THIRD CAUSE OF ACTION**

24 **VIOLATIONS OF SECTION 17200 OF THE CALIFORNIA BUSINESS AND**

25 **PROFESSIONS CODE**

26 **(Against all Defendants)**

27     28.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

28 allegations set out above in paragraphs 1 through 27.

2010-1011
21089.wpd

**CLASS ACTION COMPLAINT FOR DAMAGES**
6

29.     Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through 58, set forth above.

30.     Defendant has engaged in unfair competition within the meaning of California Business & Professions Code Section 17200 et seq. because Defendant's conduct is fraudulent, unfair and illegal as herein alleged. Defendant's conduct was substantially injurious to Plaintiff and the Class.

31.     Defendant's wrongful business acts constituted, and constitute, a continuing course of conduct of unfair competition because Defendant is selling the Visa Gift Card in a manner that is likely to deceive the public. Plaintiff suffered actual and monetary injury because of the illegal acts alleged herein.

32.     Defendant's business practices are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that they violated state law and amounted to an illegal taking of property.

33.     Defendant's business practices are unlawful because the conduct constitutes a breach of warranty, false marketing and advertising, as well as the other causes of action herein alleged.

34.     The practices are fraudulent because they deceive customers into purchasing a gift card under the pretense that it could be used like other gift cards that are not subject to "holds" that render the card less valuable than advertised.

35.     Plaintiff and the Class are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendant as a result of such business acts or practices.

36.     Plaintiff will also seek recovery of all costs and attorneys' fees incurred in connection with the investigation and prosecution of the wrongful conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment as follows:

## ON THE FIRST CAUSE OF ACTION

1.     For general damages in an amount according to proof at time of trial; and

**CLASS ACTION COMPLAINT FOR DAMAGES**

7

1   2.          For special and consequential damages in an amount according to proof at time of

2   trial; and

3   3.          For exemplary and/or punitive damages in an amount to be determined according to

4   proof at time of trial; and

5   4.          For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5 and

6   as otherwise provided for by law.

7                        **ON THE SECOND CAUSE OF ACTION**

8   1.          For general damages in an amount according to proof at time of trial; and

9   2.          For special and consequential damages in an amount according to proof at time of

10  trial; and

11  3.          For exemplary and/or punitive damages in an amount to be determined according to

12  proof at time of trial; and

13  4.          For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5 and

14  as otherwise provided for by law.

15                        **ON THE THIRD CAUSE OF ACTION**

16  1.          For general damages in an amount according to proof at time of trial; and

17  2.          For special and consequential damages in an amount according to proof at time of

18  trial; and

19  3.          For exemplary and/or punitive damages in an amount to be determined according to

20  proof at time of trial; and

21  4.          For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5 and

22  as otherwise provided for by law.

23

24                        **ON ALL CAUSES OF ACTION**

25  1.          For general damages in an amount according to proof at time of trial; and

26  2.          For special and consequential damages in an amount according to proof at time of

27  trial; and

28  3.          For exemplary and/or punitive damages in an amount to be determined according to

2010-1011
21089.wpd

**CLASS ACTION COMPLAINT FOR DAMAGES**

8

1  proof at time of trial; and

2

3      4.        For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5 and

4  as otherwise provided for by law.

5

6  DATED: May 26, 2010               SCHIMMEL & PARKS
                                       A Professional Law Corporation

7

8

9                                 Alan I. Schimmel

                               Michael W. Parks

10                                 Brian A. Carness

                               Attorneys for Plaintiffs DIANE MATALAS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT FOR DAMAGES**

9

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs hereby demands a trial by jury of the causes of action and claims asserted herein.

3    DATED: May 26, 2010                    SCHIMMEL & PARKS
                                            *A Professional Law Corporation*
4

5

6                                           Alan I. Schimmel
                                            Michael W. Parks
7                                           Brian A. Catness
                                            Attorneys for Plaintiffs DIANE MATALAS, suing
8                                           individually and on behalf of all others similarly
                                            situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2010-1011
21089.wpd

## CLASS ACTION COMPLAINT FOR DAMAGES

10

CONFORMED COPY CM-010
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
EUGENA LOPEZ

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Alan I. Schimmel, Esq., SBN 101328
Michael W. Parks, Esq., SBN 154531
SCHIMMEL & PARKS, APLC
11601 Wilshire Blvd., Suite 2100
Los Angeles, CA 90025
TELEPHONE NO.: 310.479.9797   FAX NO.: 310.479.4407
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Matalas v. Wells Fargo

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC438476 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: _____ DEPT: _____ |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
      issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action (specify): Three

5. This case [x] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:

Alan I. Schimmel, Esq., SBN 101328
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
&Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Matalas v. Wells Fargo | CASE NUMBER: BC438476 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  [x] YES   CLASS ACTION?  [x] YES   LIMITED CASE?  [ ] YES   TIME ESTIMATED FOR TRIAL 25   HOURS/ [x] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [x] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

| SHORT TITLE: Matalas v. Wells Fargo | CASE NUMBER | |

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer - Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Matalas v. Wells Fargo | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE:  Matalas v. Wells Fargo | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated:  5/26/2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for setting a dispute which once had to be settled in court.  ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR.  All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)                                                                                    Page 1 of 2
LASC Approved 10-03

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7000 |
|---|---|---|---|---|---|
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8585 | (818)576-8667 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3150 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 506 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-5151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)                                                                 Page 2 of 2
LASC Approved 10-03

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ BC 408476

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
                                            By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)                 **NOTICE OF CASE ASSIGNMENT –**                Page 1 of 2
LASC Approved 05-06                         **UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 04/10)                 **NOTICE OF CASE ASSIGNMENT –**                 Page 2 of 2
LASC Approved  05-06                          **UNLIMITED CIVIL CASE**

1  Alan I. Schimmel, Esq., SBN 101328
   Michael W. Parks, Esq. SBN 154531
2  Brian A. Carness, Esq., SBN 235603
   Stacey R. Cutting, Esq. SBN 265993
3  SCHIMMEL & PARKS
   11601 Wilshire Blvd., Suite 2100
4  Los Angeles, California 90025
   Telephone: (310) 479-9797/Facsimile: (310) 479-4407

5

6  Paul D. Inman, Esq., SBN 102254
   Law Offices of Paul D. Inman
7  11601 Wilshire Blvd., Suite 2100
   Los Angeles, California 90025
   Telephone: (917) 568-0077 • Facsimile: (520) 747-2218

8

9  Attorneys for Plaintiffs DIANE MATALAS, SUING
   INDIVIDUALLY AND ON BEHALF OF ALL
10 OTHERS SIMILARLY SITUATED

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13         FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

14

15 DIANE MATALAS, suing individually and on      ) Case No. BC438476
   behalf of all others similarly situated,       ) [Assigned to Dept. 323, Hon. Carolyn B. Kuhl]
16                                                 )
                                  Plaintiffs,      ) **NOTICE OF REASSIGNMENT OF**
17                                                 ) **COMPLEX CASE AND ORDER FOR**
      vs.                                          ) **PLAINTIFF TO GIVE NOTICE**
18                                                 )
   VISA U.S.A., INC; WELLS FARGO BANK             ) FILED:      May 27, 2010
19 N.A.; and DOES 1 to 50, inclusively,           ) FSC:        None
                                                   ) TRIAL:      None
20                                Defendants.      )
                                                   )
21 ───────────────────────────────────── )
                                                   )

22       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23       PLEASE TAKE NOTICE that effective June 9, 2010, the Court has ordered the above-

24 entitled case is complex and re-assigned it to Hon. Carolyn B. Kuhl, Department 323, Central Civil

25 West Courthouse, located at 600 S. Commonwealth Street, Los Angeles, California 90005. This case

26 is ordered stayed until the initial status conference.

27       PLEASE TAKE FURTHER NOTICE that the Clerk in Department 323 will notify counsel

28 of an Initial Status Conference.

─────────────────────────────────────────────────────────────
        **NOTICE OF REASSIGNMENT OF COMPLEX CASE AND ORDER FOR PLAINTIFF**
                            **TO GIVE NOTICE**

2010-1011
23277.wpd

1    Code of Civil Procedure § 170.6 is not stayed.

2    Counsel for Plaintiffs were ordered to give notice.

3    A true and correct copy of the Court's order is attached hereto as Exhibit "A."

4

5    DATED: June 14, 2010                SCHIMMEL & PARKS
                                         A Professional Law Corporation
6

7

8                                        Alan I. Schimmel
                                         Michael W. Parks
9                                        Brian A. Carness
                                         Stacey R. Cutting
10                                       Attorneys for Plaintiffs DIANE MATALAS, SUING
                                         INDIVIDUALLY AND ON BEHALF OF ALL
11                                       OTHERS SIMILARLY SITUATED

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REASSIGNMENT OF COMPLEX CASE AND ORDER FOR PLAINTIFF TO GIVE NOTICE**

2

**EXHIBIT A**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/09/10                                                    DEPT. 324

HONORABLE  EMILIE H. ELIAS        JUDGE    A. MORALES         DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

           NONE        Deputy Sheriff   NONE              Reporter

| 8:30 am | BC438476 | | |
|---|---|---|---|
| | DIANE MATALAS | Plaintiff Counsel | NO APPEARANCES |
| | VS | | |
| | VISA USA INC ET AL | Defendant Counsel | |
| | DEEMED COMPLEX (06-09-10) | | |

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes it determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated complex and is reassigned to
Judge Carolyn B. Kuhl in Department 323 at
the Central Civil West Courthouse for all further
proceedings and for all purposes.

The case is ordered stayed until the initial status
conference date. Notice of Initial Status Conference
is to be given by the Clerk in Department 323.  No
responsive pleadings may be filed. Parties may file
a Notice of Appearance in lieu of an answer or other
responsive pleading. The filing of a Notice of
Appearance shall not constitute a general appearance
and shall not waive any substantive or procedural
challenge to the complaint. Nothing herein stays the
time for filing affidavit of prejudice pursuant to
Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616 (c), each
party is ordered to pay $550.00 for complex fees,
payable to Los Angeles Superior Court, within ten (10)
calendar days from this date.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of

                    Page    1 of  3    DEPT. 324

| MINUTES ENTERED |
|---|
| 06/09/10 |
| COUNTY CLERK |

DOC#_____

FILE

6A /10

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/09/10 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS   JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC438476 | Plaintiff Counsel |
| | DIANE MATALAS | NO APPEARANCES |
| | VS | Defendant |
| | VISA USA INC ET AL | Counsel |
| | DEEMED COMPLEX (06-09-10) | |

**NATURE OF PROCEEDINGS:**

service in the assigned department within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 06-09-10 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 06-10-10

John A. Clarke, Executive Officer/Clerk

Page   2 of   3   DEPT. 324

MINUTES ENTERED
06/09/10
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/09/10                                                    DEPT. 324

HONORABLE EMILIE H. ELIAS        JUDGE    A. MORALES           DEPUTY CLERK

HONORABLE                     JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR

NONE            Deputy Sheriff    NONE                          Reporter

---

8:30 am  BC438476                    Plaintiff
                                     Counsel
         DIANE MATALAS                          NO APPEARANCES
         VS                          Defendant
         VISA USA INC ET AL          Counsel


         DEEMED COMPLEX (06-09-10)

---

**NATURE OF PROCEEDINGS:**

By:      **KIN** HILAIRE
         _____
              K. HILAIRE


         SCHIMMEL & PARKS
         Alan I. Schimmel, Esq.
         11601 Wilshire Boulevard, Suite 2100
         Los Angeles, California  90025



                    Page    3 of   3    DEPT. 324

                                        ┌─────────────────────┐
                                        │ MINUTES ENTERED     │
                                        │ 06/09/10            │
                                        │ COUNTY CLERK        │
                                        └─────────────────────┘



$6.050
US POSTAGE
FIRST-CLASS
FROM 90025
JUN 28 2010
stamps.com

062S0005136889





7009 1680 0001 2204 2763

Wells Fargo
c/o CSC - Lawyers Incorporating Service
2730 Gateway Oaks Dr Ste 100
Sacramento CA 95833-3503

Schlesinger
Law
A Professional Law Corporation
Wachovia Center
11601 Wilshire Boulevard, Suite 2100
Los Angeles, California 90025

# SUMMONS
## (CITACION JUDICIAL)

6/15/10 2:45pm   **SUM-100**

**NOTICE TO DEFENDANT:** VISA U.S.A., INC; WELLS FARGO
*(AVISO AL DEMANDADO):* BANK N.A.; and DOES 1 to 50,
inclusively

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2010

John A. Clarke, executive Officer/Clerk

By _____, Deputy
EUGENA LOPEZ

**YOU ARE BEING SUED BY PLAINTIFF:** DIANE MATALAS, suing
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and on
behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk
111 N. HILL STREET
111 N. HILL STREET
LOS ANGELES, CA. 90012

**CASE NUMBER:**
*(Número del Caso):*
BC438476

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan I. Schimmel, Esq., SBN 101328     310.479.9797     310.479.4407
Michael W. Parks, Esq., SBN 154531
SCHIMMEL & PARKS, APLC
11601 Wilshire Blvd., Suite 2100, Los Angeles, CA 90025

DATE: MAY 27 2010          Clerk, by _____, Deputy
*(Fecha)*          JOHN A. CLARKE  (Secretario)  EUGENA LOPEZ  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* VISA U.S.A., INC.

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

69

1    Alan L. Schimmel, Esq. SBN 101328
     Michael W. Parks, Esq. SBN 154531
2    Brian A. Carness, Esq. SBN 235603
     SCHIMMEL & PARKS
3    11601 Wilshire Blvd., Suite 2100
     Los Angeles, California 90025
4    Telephone: (310) 479-9797/Facsimile: (310) 479-4407

5    Attorneys for Plaintiffs DIANE MATALAS, suing
     individually and on behalf of all others similarly situated
6

CONFORMED COPY
OF ORIGINAL FILED
Superior Court of California

MAY 27 2010

John A. _____, _____ Officer/Clerk
By _____, Deputy
ROSENA PEREZ

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8           FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9

10   DIANE MATALAS, suing individually and on     Case No.    BC438476
     behalf of all others similarly situated,
11                                                CLASS ACTION COMPLAINT FOR
                              Plaintiffs,         DAMAGES
12
     vs.                                          1.   VIOLATION OF SECTION 1749.5 OF
13                                                     THE CALIFORNIA CIVIL CODE, et
     VISA U.S.A., INC; WELLS FARGO BANK                seq.
14   N.A.; and DOES 1 to 50, inclusively,
                                                  2.   VIOLATION OF CALIFORNIA CIVIL
15                            Defendants.              CODE SECTIONS 17500, et seq.

16                                                3.   VIOLATIONS OF SECTION 17200 OF
                                                      THE CALIFORNIA BUSINESS AND
17                                                    PROFESSIONS CODE, et seq.

18                                                DEMAND FOR JURY TRIAL

19        COMES NOW, Plaintiff, DIANE MATALAS, suing individually and on behalf of all others

20   similarly situated and for their causes of action against Defendants, and each of them, alleges and

21   complains as follows:

22                               **THE PARTIES**

23        1.        Plaintiff DIANE MATALAS is, and at all times relevant herein was, a resident of

24   Los Angeles County.

25        2.        Defendant Defendant, VISA U.S.A. INC. ("Visa"), is a publicly-traded national bank

26   card association headquartered in San Francisco, California.

27        3.        Defendant WELLS FARGO BANK, N. A. ("Wells Fargo"), is the fourth largest

28   bank in the United States with headquarters in San Francisco, California.  It issues Visa card

              CLASS ACTION COMPLAINT FOR DAMAGES

1  products, including Visa Gift Cards.

2      4.       Plaintiff is informed and believes, and thereon alleges, that defendants sued herein as

3  DOES 1 to 50 are the alter egos, predecessors, successors, managing agents, partners, joint

4  venturers, principals, agents, subsidiaries, parents, obligors, guarantors, and/or affiliates of all other

5  defendants.  At all relevant times mentioned herein, defendants and DOES 1 to 50, and each of

6  them, participated in, authorized, aided, abetted, order, instructed, directed, approved and/or

7  otherwise ratified the acts alleged herein.  Plaintiff is informed and believes that each of these

8  defendants is an agent, principal, co-conspirator and/or employee of the other defendants, and each

9  of them, and proximately caused the damages complained of herein while acting in such capacity.

10

11                              **FACTUAL BACKGROUND**

12      5.       In December of 2009, Plaintiff purchased several Visa Gift Cards directly from a

13  Wells Fargo bank branch.  The cards were purchased in fifty and twenty-five dollar dominations.

14  Plaintiff gave the Visa Gift Cards to her son and daughter-in-law as Christmas presents as they were

15  going to be traveling after the Christmas holiday, and Plaintiff believed that Visa Gift Cards would

16  be safer to travel with than cash.

17      6.       Plaintiff believed that if she gave her children a fifty dollar gift card, it would be

18  worth fifty dollars in merchandise or services on their trip.  Plaintiff believed that if she gave her

19  children a twenty-five dollar gift card, that card would be worth twenty-five dollars in merchandise

20  or services on their trip.

21      7.       Visa Gift Cards have an expiration date printed on the face of the card.  Moreover,

22  twelve months after the date the card is activated, a $2.50 fee is assessed each month until the card

23  expires.  The Visa Gift Card, although it says "debit" on its face, does not operate like a debit card.

24  The Visa Gift Card cannot be used at an ATM machine, its balance is not a deposit account, and the

25  value of the card cannot be increased after the Visa Gift Card is issued.

26      8.       Also unlike a debit card, a portion of the Visa Gift Card balance is subject to

27  "holds."  These "holds" prevent the user of the Visa Gift Card from receiving the full face value of

28  the card at certain establishments including restaurants, hotels, taxis, beauty salons, and other

**CLASS ACTION COMPLAINT FOR DAMAGES**

2

1     establishments where the patron or card holder may opt to leave gratuity. These "holds" also serve

2     to ensure that small balances will remain on the card until they are ultimately forfeited and/or

3     confiscated by the dormancy fees which are assessed beginning twelve months from the date the

4     card is activated. The "hold" is disguised in the Wells Fargo Visa Gift Card Agreement and User

5     Guide that comes with the gift card as a "Preauthorization Request," and is not obvious to the buyer

6     of the card. The "Preauthorization Request" is even further concealed from the user of the card, as

7     details and warnings about the "Preauthorization Request" are not detailed on the actual gift card,

8     but rather deep inside the accompanying Wells Fargo Visa Gift Card Agreement and User Guide in

9     fine print.

10     9.       On December 27, 2010, Plaintiffs son and daughter-in-law attempted to use three (3)

11     of their Visa Gift Cards at a restaurant on vacation. Two of the cards had a fifty dollar beginning

12     balance, and the third had a twenty-five dollar beginning balance. The total amount of their bill was

13     approximately $150.00. Plaintiffs son and daughter-in-law presented the server with the three Visa

14     Gift Cards, and planned to pay any remaining balance due on the dining check with cash or an

15     actual credit card. They informed the server how much was on each card, and instructed him to

16     apply the full balance of each card to their check. The server returned, and advised them that, in his

17     experience as a restaurant server, Visa Gift Cards never "rang through" for the full amount of the

18     card, even if the card was brand new. He stated that if a customer represented a card was worth

19     fifty dollars, he would first try to run it through for fifty dollars, and when it got declined, which it

20     invariably did, he would subtract five dollar increments until the card was accepted. In this case, he

21     tried to run the first fifty dollar card through for fifty dollars, and it was declined. He then tried to

22     run it through for forty-five dollars, and the card was again declined. The server then ran the card

23     for forty dollars, and it was accepted. He repeated this process for the other fifty dollar card with

24     the same results. He repeated this process for the twenty-five dollar card, and, initially declined, it

25     was accepted on the second try for twenty dollars. Plaintiffs son and daughter-in-law paid for the

26     balance of their check out of pocket.

27     10.      Plaintiffs daughter-in-law called the Customer Service number on the back of one of

28     the Wells Fargo Visa Gift Cards to inquire as to why she and her husband were not allowed to

**CLASS ACTION COMPLAINT FOR DAMAGES**

1   access the full amount of the card that was gifted to them.  She was informed by the representative

2   that merchants who accepted tips (i.e. restaurants, bars, hotels, taxis, etc.) would not accept the full

3   balance of the gift cards because the merchants and their servers were getting shorted on their tips

4   when they did.  The representative never identified the "hold" as a "Preauthorization Request" and

5   essentially blamed the merchant for not accepting the full value of the card.  The representative

6   further stated that any balance remaining on the card could be held indefinitely, or until the

7   merchant released the balance, indicating they had been paid the full amount of their check.  The

8   representative denied Wells Fargo having any control over the "held" amount being released.

9         11.      Plaintiffs son and daughter-in-law were now in possession of two cards with ten

10   dollar balances (originally "loaded" with fifty dollars) and one card with a five dollar balance

11   (originally "loaded" with twenty-five dollars).  Plaintiffs son and daughter-in-law tried several more

12   times throughout their vacation to use the balances left on their cards on various merchandise, but

13   each time the cards were denied.

14         12.      On January 4, 2010, after returning home from vacation, Plaintiff's daughter-in-law

15   made a purchase at a CVS Pharmacy.  Although there was ostensibly a balance of ten dollars

16   remaining on the two Visa Gift Cards that were originally worth fifty dollars, only four dollars was

17   accepted by CVS Pharmacy from each card because the "hold" was placed on the remaining

18   balances.  CVS Pharmacy is not a merchant that accepts gratuities of any kind, meaning purchases

19   made at CVS Pharmacy would not be subject to a "Preauthorization Request" per the terms of the

20   Wells Fargo Visa Gift Card Agreement and User Guide.

21         13.      It was several weeks later before Plaintiff's daughter-in-law was able to use the

22   remaining balances of the Visa Gift Cards towards a purchase at a grocery store.

23

24                           **CLASS ACTION ALLEGATIONS**

25         14.      Plaintiff realleges and incorporates herein by reference, as though set forth in full,

26   each and every allegation contained within paragraphs 1 through 7 above.

27         15.      Plaintiff brings this action on behalf of herself and a class of individuals in California

28   who purchased a Visa Gift Cards from Wells Fargo (the "Class").  Plaintiff is informed and believes,

**CLASS ACTION COMPLAINT FOR DAMAGES**

4

1  and thereon alleges, that the number of potential class members is so large that it is impracticable to

2  bring all class members before the Court.

3      16.      Plaintiff is informed and believes, and thereon alleges, that the questions of law and

4  fact common to the class are substantially similar and predominate over the questions affecting

5  individual members.  These questions of law and fact include, but are not limited to whether

6  Defendants sell a gift card with terms that violate California law, whether Defendants misrepresent

7  the Visa Gift Card as a debit card, whether Defendants' practice of placing "holds" on card balances

8  is deceptive and a violation of California law, and whether Defendants' practice of placing "holds"

9  on balances is part of a scheme to profit from the money held and from the resulting residual

10  balances.

11      17.      Plaintiff is informed and believes, and thereon alleges, that her claims are typical of

12  the claims of the class.

13      18.      Plaintiff is informed and believes, and thereon alleges, that she is able to fairly and

14  adequately represent and protect the interests of the class.  Plaintiff is also informed and believes

15  that counsel is adequate to effectively represent the proposed class.

16

17  **FIRST CAUSE OF ACTION**

18  **VIOLATION OF SECTION 1749.5 OF THE CALIFORNIA CIVIL CODE**

19  **(Against all Defendants)**

20      19.      Plaintiff incorporates by reference and re-alleges as if fully stated herein the

21  allegations set out above in paragraphs 1 through 18.

22      20.      Section 1749.5 of the California Civil Code regulates gift cards.  It specifically

23  prohibits, among other practices relevant herein, the sale of gift cards that have an expiration date.

24  Moreover, the statute specifies that dormancy fees cannot exceed $1.00 per month.

25      21.      The Visa Gift Card violates Section 1749.5 by, among other things, imposing an

26  expiration date.  Not only is there an explicit expiration date on the card, but the dormancy fees

27  inherently operate as an implicit expiration date.  Moreover, the Visa Gift Card imposes a dormancy

28  fee of more than twice the amount permitted by law.

1    22.    As a direct and proximate result of Defendants' actions, Plaintiff and the Class have

2    suffered monetary damages in an amount to be proven at trial.

3

4                          **SECOND CAUSE OF ACTION**

5                  **VIOLATION OF SECTIONS 17500, ET SEQ**

6                            **(Against all Defendants)**

7    23.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

8    allegations set out above in paragraphs 1 through 22.

9    24.    Defendants use various forms of media to advertise the sale of the Visa Gift Card

10   that are deceptive, untrue or misleading in violation of Section 17500, et seq., of the California

11   Business & Professions Code Section.  These advertisements and practices have deceived, and are

12   likely to deceive, the consuming public, in violation of those sections.

13   25.    Plaintiff and the Class have been deceived and injured by Defendant's false and

14   misleading advertising, which would lead any reasonable purchaser to believe that the face amount

15   of the Visa Gift Card was, in fact, the amount the purchaser could access when making purchases

16   and that the face amount would not be subject to arbitrary "holds."

17   26.    Defendant's business acts and practices, as alleged herein, have caused injury to

18   Plaintiff, the Class, and the public.

19   27.    Given the above-stated violation, Plaintiff and the Class are entitled to damages

20   including without limitation injunctive relief, enjoining Defendants engaging in the practices

21   described herein.

22

23                          **THIRD CAUSE OF ACTION**

24         **VIOLATIONS OF SECTION 17200 OF THE CALIFORNIA BUSINESS AND**

25                          **PROFESSIONS CODE**

26                            **(Against all Defendants)**

27   28.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

28   allegations set out above in paragraphs 1 through 27.

**CLASS ACTION COMPLAINT FOR DAMAGES**

1    29.    Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1

2    through 58, set forth above.

3    30.    Defendant has engaged in unfair competition within the meaning of California

4    Business & Professions Code Section 17200 et seq. because Defendant's conduct is fraudulent,

5    unfair and illegal as herein alleged. Defendant's conduct was substantially injurious to Plaintiff and

6    the Class.

7    31.    Defendant's wrongful business acts constituted, and constitute, a continuing course

8    of conduct of unfair competition because Defendant is selling the Visa Gift Card in a manner that is

9    likely to deceive the public. Plaintiff suffered actual and monetary injury because of the illegal acts

10    alleged herein.

11    32.    Defendant's business practices are unfair because they offend established public

12    policy and/or are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to

13    consumers in that they violated state law and amounted to an illegal taking of property.

14    33.    Defendant's business practices are unlawful because the conduct constitutes a breach

15    of warranty, false marketing and advertising, as well as the other causes of action herein alleged.

16    34.    The practices are fraudulent because they deceive customers into purchasing a gift

17    card under the pretense that it could be used like other gift cards that are not subject to "holds" that

18    render the card less valuable than advertised.

19    35.    Plaintiff and the Class are entitled to relief, including full restitution and/or

20    disgorgement of all revenues, earnings, profits, compensation and benefits which may have been

21    obtained by Defendant as a result of such business acts or practices.

22    36.    Plaintiff will also seek recovery of all costs and attorneys' fees incurred in connection

23    with the investigation and prosecution of the wrongful conduct alleged herein.

24

25                              **PRAYER FOR RELIEF**

26    WHEREFORE, PLAINTIFF prays for relief and judgment as follows:

27                         **ON THE FIRST CAUSE OF ACTION**

28    1.    For general damages in an amount according to proof at time of trial; and

2010-1011
21089.wpd

**CLASS ACTION COMPLAINT FOR DAMAGES**

7

1     2.         For special and consequential damages in an amount according to proof at time of

2 trial; and

3     3.         For exemplary and/or punitive damages in an amount to be determined according to

4 proof at time of trial; and

5     4.         For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5 and

6 as otherwise provided for by law.

7                         **ON THE SECOND CAUSE OF ACTION**

8     1.         For general damages in an amount according to proof at time of trial; and

9     2.         For special and consequential damages in an amount according to proof at time of

10 trial; and

11     3.         For exemplary and/or punitive damages in an amount to be determined according to

12 proof at time of trial; and

13     4.         For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5 and

14 as otherwise provided for by law.

15                         **ON THE THIRD CAUSE OF ACTION**

16     1.         For general damages in an amount according to proof at time of trial; and

17     2.         For special and consequential damages in an amount according to proof at time of

18 trial; and

19     3.         For exemplary and/or punitive damages in an amount to be determined according to

20 proof at time of trial; and

21     4.         For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5 and

22 as otherwise provided for by law.

23

24                         **ON ALL CAUSES OF ACTION**

25     1.         For general damages in an amount according to proof at time of trial; and

26     2.         For special and consequential damages in an amount according to proof at time of

27 trial; and

28     3.         For exemplary and/or punitive damages in an amount to be determined according to

2010-1011
21089.wpd

**CLASS ACTION COMPLAINT FOR DAMAGES**

8

1 │ proof at time of trial; and

2 │

3 │     4.       For attorneys fees and costs pursuant to Code of Civil Procedure section 1021.5 and

4 │ as otherwise provided for by law.

5 │

6 │ DATED: May 26, 2010                    SCHIMMEL & PARKS

7 │                                        *A Professional Law Corporation*

8 │

9 │                                          Alan I. Schimmel

10 │                                          Michael W. Parks
                                         Brian A. Carness
                                         Attorneys for Plaintiffs DIANE MATALAS

11 │

12 │

13 │

14 │

15 │

16 │

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

2010-1011
21089.wpd

**CLASS ACTION COMPLAINT FOR DAMAGES**

9

1

## DEMAND FOR JURY TRIAL

2     Plaintiffs hereby demands a trial by jury of the causes of action and claims asserted herein.

3     DATED: May 26, 2010                      SCHIMMEL & PARKS
                                                *A Professional Law Corporation*
4

5

6                                              Alan I. Schimmel
                                               Michael W. Parks
7                                              Brian A. Carness
                                               Attorneys for Plaintiffs DIANE MATALAS, suing
8                                              individually and on behalf of all others similarly
                                               situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT FOR DAMAGES**

10

CONFORMED COPY CM-010
OF ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 27 2010

John A. Clarke, Executive Officer/Clerk

By _____ Deputy
RUBEN ALOPEZ

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Alan I. Schimmel, Esq., SBN 101328
Michael W. Parks, Esq., SBN 154531
SCHIMMEL & PARKS, APLC
11601 Wilshire Blvd., Suite 2100
Los Angeles, CA 90025
TELEPHONE NO.: 310.479.9797     FAX NO.: 310.479.4407
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS: 111 N. HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Matalas v. Wells Fargo

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 438476 |

JUDGE:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Three
5. This case [x] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date:

Alan I. Schimmel, Esq., SBN 101328
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

81

| SHORT TITLE: Matalas v. Wells Fargo | CASE NUMBER BC438476 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 25 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [X] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

| SHORT TITLE: Matalas v. Wells Fargo | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover<br>Sheet Category No. | | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 | Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 | Quiet Title | 2., 6. |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE | Matalas v. Wells Fargo | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2, 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1, 2, 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 9.<br>2, 6.<br>2, 9.<br>2, 8.<br>2, 8.<br>2, 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8.<br>2, 8.<br>1, 2, 8.<br>1, 2, 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8, |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9.<br>2, 3, 9.<br>2, 3, 9.<br>2.<br>2, 7.<br>2, 3, 4., 8.<br>2, 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Matalas v. Wells Fargo | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: | STATE: | ZIP CODE: | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> _____ courthouse in the _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 5/26/2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 1 of 2

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel**   The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**   The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**   The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3602 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-8019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)685-1774 |
| Pomona | 400 Civic Center Plaza | 108 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7328 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 2 of 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

BC408470

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | Hon. Emilie H. Elias* | 324 | CCW | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.