```
FILED
CLERK, U.S. DISTRICT COURT

OCT 31 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY
```

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   CHRISTINE A. SCHEUNEMAN #113811
2  christine.scheuneman@pillsburylaw.com
   AMY L. PIERCE #210539
3  amy.pierce@pillsburylaw.com
   ESTHER K. YEU #259584
4  esther.yeu@pillsburylaw.com
5  725 South Figueroa Street, Suite 2800
   Los Angeles, CA 90017-5406
6  Telephone: (213) 488-7100
7  Facsimile: (213) 629-1033

8  Attorneys for Defendant
   WELLS FARGO BANK, N.A.
9

10

11              UNITED STATES DISTRICT COURT
12
                CENTRAL DISTRICT OF CALIFORNIA
13

14  _____
15  DIANE MATALAS, suing              )   Case No. CV 10-5171-GW (Ex)
16  individually and on behalf of all others )
    similarly situated,                )   STIPULATED PROTECTIVE
17                                     )   ORDER
                     Plaintiffs,       )
18                                     )
19      vs.                            )
                                       )   Complaint Filed: May 27, 2010
20  VISA U.S.A., INC; WELLS FARGO     )   Trial Date:     None yet assigned
    BANK, N.A.; and DOES 1 to 50,     )
21  inclusively,                       )
22                                     )
                     Defendants.       )
23  _____)

24

25

26

27

28

1  Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the
2  Parties' Stipulation, the Court issues the following Protective Order:
3  1.  <u>DEFINITIONS</u>.
4      1.1  <u>Party</u>: any party to this action, including any party's officers,
5  directors, employees, consultants, retained experts, and outside counsel (and
6  their support staff).
7      1.2  <u>Disclosure or Discovery Material</u>: for purposes of this Order,
8  "Discovery Material" means all items or information, regardless of the medium
9  or manner generated, stored, or maintained (including, among other things,
10  testimony, transcripts, or tangible things) that are produced or generated in
11  disclosures or responses to discovery in this matter, <u>e.g.</u>, documents,
12  electronically stored information, testimony, discovery request, discovery
13  response, motion, filing with the Court, thing, or any portion thereof that
14  qualifies to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
15  ATTORNEYS' EYES ONLY" under the standards developed under Fed. R. Civ.
16  P. 26(c).
17      1.3  <u>"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
18  ATTORNEYS' EYES ONLY" Discovery Material</u>: "CONFIDENTIAL"
19  Discovery Material includes information (regardless of how generated, stored or
20  maintained) or tangible things that qualify for protection under standards
21  developed under Fed. R. Civ. P. 26(c), including but not limited to Plaintiff
22  Diane Matalas' ("Plaintiff") banking information and other information
23  protected by her right of privacy. "HIGHLY CONFIDENTIAL-ATTORNEYS'
24  EYES ONLY" Discovery Material includes information (regardless of how
25  generated, stored or maintained) or tangible things that qualify for protection
26  under standards developed under Fed. R. Civ. P. 26(c), including but not limited
27  to Defendant Wells Fargo Bank, NA's (the "Bank") operating policies,
28  procedures, manuals, proprietary or non-public business, technical, or financial

1. information, payroll and human resources data, proprietary software, security
2. and audit information, and other trade secret information, third party's Discovery
3. Material that is prepared, collected and/or maintained on behalf of the Bank, and
4. class members' (other than Plaintiff) banking information and other information
5. protected by their right of privacy. In agreeing to the protection of "trade secret"
6. information, the parties hereby incorporate the definition for that term as stated
7. in California Civil Code Section 3426.1.[1] The parties understand and agree that
8. the primary difference between Discovery Material designated as
9. "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
10. ONLY" is that Plaintiff, individually, and the other class members, will not be
11. provided access to Discovery Materials designated as "HIGHLY
12. CONFIDENTIAL-ATTORNEYS' EYES ONLY," unless that Discovery
13. Material is about that person. HIGHLY CONFIDENTIAL-ATTORNEYS'
14. EYES ONLY Discovery Materials will be re-designated as CONFIDENTIAL if
15. such materials relate to Plaintiff and/or a class member and are disclosed to the
16. Plaintiff and/or a class member during deposition. The parties may disclose
17. Discovery Material about Plaintiff or a class member to that person without
18. violating this Protective Order.
19.     1.4   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery
20. Material from a Producing Party.
21.     1.5   <u>Producing Party</u>: a Party or non-party that produces Disclosure or
22. Discovery Material in this action.

---

[1] California Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

1  1.6  <u>Designating Party</u>: a Party or non-party that designates information
2  or items that it produces in disclosures or in responses to discovery as
3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
4  ONLY."
5  1.7  <u>Protected Material</u>: the information in a Disclosure or Discovery
6  Material that is designated as "CONFIDENTIAL" or "HIGHLY
7  CONFIDENTIAL-ATTORNEYS' EYES ONLY."
8  1.8  <u>Outside Counsel</u>: attorneys who are not employees of a Party but
9  who are retained to represent or advise a Party in this action.
10  1.9  <u>House Counsel</u>: attorneys who are employees of a Party.
11  1.10  <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel
12  (as well as their support staffs).
13  1.11  <u>Expert</u>: a person or business entity, including its employees and
14  subcontractors, with specialized knowledge or experience in a matter pertinent to
15  the litigation who has been retained by a Party or its counsel to serve as an expert
16  witness or as a consultant in this action and who is not a current employee of a
17  Party's competitor and who, at the time of retention, has no pending application
18  or offer to become an employee of a Party's competitor. This definition includes
19  a professional jury or trial consultant retained in connection with this litigation.
20  1.12  <u>Professional Vendors</u>: persons or entities that provide litigation
21  support services (<u>e.g.</u>, photocopying; videotaping; translating; preparing exhibits
22  or demonstrations; organizing, storing, retrieving data in any form or medium;
23  etc.) and their employees and subcontractors.
24  2.  <u>SCOPE</u>.
25  The protections conferred by this Stipulation and Order cover not only
26  Protected Material (as defined above), but also any information copied or
27  extracted therefrom, as well as all copies, excerpts, summaries, or compilations
28

STIPULATED PROTECTIVE ORDER
Case No. CV 10-5171-GW (Ex)

thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that contain or would reveal Protected Material.

3. **DURATION.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court's jurisdiction to enforce the terms of the Order shall continue for six (6) months after the final conclusion of all aspects of the litigation.

4. **DESIGNATING PROTECTED MATERIAL.**

4.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. To the extent reasonably possible, each Party or non-party that designates information or items as Protected Material under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The parties agree that, where it would not be cost effective to review every document for confidentiality issues, the parties may designate an entire group of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", including but not limited to the case of mass e-mail or internal document production. If the opposing party, upon review, feels that a particular document is not properly "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", he or she may confer with the Designating Party, which shall withdraw the designation if warranted. Absent agreement, the parties may seek Court relief as provided herein.

4.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (<u>see, e.g.</u>, second paragraph of Section 4.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Any party or non-party that is called upon to provide discovery in this action

1 may designate any Discovery Materials as CONFIDENTIAL or HIGHLY
2 CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order.
3     (a)    A party or non-party may designate as CONFIDENTIAL any
4 Discovery Materials that it reasonably and in good faith believes contains,
5 reflects, or otherwise discloses information that qualifies for protection under
6 standards developed under Fed. R. Civ. P. 26(c). A party or non-party may
7 designate as HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY any
8 Discovery Materials that it reasonably and in good faith believes contains,
9 reflects, or otherwise discloses information that qualifies for protection under
10 standards developed under Fed. R. Civ. P. 26(c), including but not limited to a
11 trade secret or other confidential research, development, commercial, marketing,
12 technical, business, financial, personnel or customer information which the
13 designating party believes in good faith contains highly sensitive information
14 which, if disclosed to a competitor, is likely to cause substantial competitive
15 harm which cannot be prevented through the use of less restrictive means.
16 Designation in conformity with this Order requires:
17     (i)    <u>for information in documentary form</u> (apart from transcripts
18 of depositions or other pretrial or trial proceedings), that the Producing Party
19 affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
20 ATTORNEYS' EYES ONLY" to each page that contains Protected Material.
21     A Party or non-party that makes original documents or materials
22 available for inspection need not designate them for protection until after the
23 inspecting Party has indicated which material it would like copied and produced.
24 During the inspection and before the designation, all of the material made
25 available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY
26 CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has
27 identified the documents it wants copied and produced, the Producing Party must
28 determine which documents, or portions thereof, qualify for protection under this

1  Order, then, before producing the specified documents, the Producing Party must
2  affix the appropriate legend "CONFIDENTIAL" or "HIGHLY
3  CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of each page that
4  contains Protected Material. The Designating Party will bear the reasonable costs
5  of producing and designating such Protected Materials.
6       (ii)   <u>for testimony given in deposition</u>, that the Party or non-party
7  offering or sponsoring the testimony identify on the record, before the close of
8  the deposition, that the deposition contains "CONFIDENTIAL" or "HIGHLY
9  CONFIDENTIAL-ATTORNEYS' EYES ONLY" information. Within 30 days
10 after the after the deponent has circulated his/her changes to the deposition
11 transcript or confirmed that he/she has no changes to the deposition transcript,
12 the Designating Party shall identify the specific portions of the deposition
13 testimony that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-
14 ATTORNEYS' EYES ONLY" information. The remaining portions of the
15 deposition transcript neither designated as "CONFIDENTIAL" or "HIGHLY
16 CONFIDENTIAL" shall no longer be subject to this Order.
17      (iii)  <u>for information produced in some form other than
18 documentary, and for any other tangible items</u>, that the Producing Party affix in a
19 prominent place on the exterior of the container or containers in which the
20 information or item is stored the legend CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL-ATTORNEYS' EYES ONLY."
22      4.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
23 failure to designate qualified information or items as "CONFIDENTIAL" or
24 "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, standing
25 alone, waive the Designating Party's right to secure protection under this Order
26 for such material. If material is appropriately designated as "CONFIDENTIAL"
27 or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the
28 material was initially produced, the Receiving Party, on timely notification of the

1  designation, must make reasonable efforts to assure that the material is treated in
2  accordance with the provisions of this Order.
3  5.     CHALLENGING DESIGNATIONS.
4      5.1    Timing of Challenges. A Party does not waive its right to challenge
5  a confidentiality designation by electing not to mount a challenge promptly after
6  the original designation is disclosed. In all cases, however, the Parties shall
7  endeavor to identify at the earliest opportunity those designations that they
8  oppose.
9      5.2    Meet and Confer. A Party that elects to initiate a challenge to a
10  Designating Party's confidentiality designation must do so in good faith and
11  must begin the process by identifying the confidentiality designation it is
12  challenging, explaining the basis for its belief that the confidentiality designation
13  was not proper and conferring directly with counsel for the Designating Party in
14  accordance with Civil Local Rule 37-1. The Designating Party, after it has had
15  an opportunity to review the designated material and to reconsider the
16  circumstances for the designation, and if no change in designation is offered, is
17  to respond in writing to the challenging Party's grounds and challenges, and to
18  provide a good faith explanation for the basis for the chosen designation. The
19  Parties should then proceed to the next stage of the challenge process only if it
20  has engaged in this meet and confer process first.
21      5.3    Judicial Intervention. A Party that elects to press a challenge to a
22  confidentiality designation after the meet and confer process may proceed
23  pursuant to Civil Local Rules 37-2 and 37-3 and, if applicable, Civil Local Rule
24  79-5, and must identify in the submissions to the Court the challenged material
25  and set forth in detail the basis for the challenge. The burden of persuasion in
26  any such challenge proceeding shall be on the Designating Party. Until the Court
27  rules on the challenge, all parties shall continue to afford the material in question
28  the level of protection to which it is entitled under the Producing Party's

1 designation.

2 6. ACCESS TO AND USE OF PROTECTED MATERIAL.

3     6.1 Basic Principles. A Receiving Party may use Protected Material that
4 is disclosed or produced by another Party or by a non-party in connection with
5 this case only for prosecuting, defending, or attempting to settle this litigation.
6 Such Protected Material may be disclosed only to the categories of persons and
7 under the conditions described in this Order. When the litigation has been
8 terminated, a Receiving Party must comply with the provisions of Section 10,
9 below (FINAL DISPOSITION).

10     Protected Material must be stored and maintained by a Receiving Party at
11 a location and in a secure manner that ensures that access is limited to the
12 persons authorized under this Order.

13     6.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless
14 otherwise ordered by the Court or permitted in writing by the Designating Party,
15 a Receiving Party may disclose any information or item designated
16 "CONFIDENTIAL" only to:

17     (a) the parties and officers, directors, and employees (including
18 House Counsel) of the Receiving Party to whom disclosure is reasonably
19 necessary for this litigation;

20     (b) the Receiving Party's Outside Counsel of record in this
21 action, as well as employees of said Counsel to whom it is reasonably necessary
22 to disclose the information for this litigation;

23     (c) experts (as defined in this Order) to whom disclosure is
24 reasonably necessary for this litigation and who have signed the
25
26 "Acknowledgment and Agreement to Be Bound by Protective Order"
27 (Exhibit A);
28     (d) the Court and its personnel;

1      (e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (f) during their depositions and in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

    (g) the author or any recipient of the document or the original source of the information.

    (h) <u>Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to those persons described in Paragraphs 6.2(b) through (g), above. If a party believes it is reasonably necessary to allow the disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" a Discovery Materials to such other persons or categories of persons, but the parties cannot reach an agreement after meeting and conferring, the party may move the Court to permit such disclosure for good cause.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Receiving Party is to notify the Designating Party, in writing (by fax, if possible) as soon as reasonably possible after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Parties understand and agree that the purpose of

1 requiring the Receiving Party to notify the Designating Party of the subpoena is
2 to provide the Designating Party with sufficient time to file a request for a
3 protective order or motion to quash the subpoena.
4       The Receiving Party also must immediately inform in writing the Party
5 that caused the subpoena or order to issue in the other litigation that some or all
6 the material covered by the subpoena or order is the subject of this Protective
7 Order. In addition, the Receiving Party must deliver a copy of this Protective
8 Order promptly to the Party in the other action that caused the subpoena or order
9 to issue.
10       The purpose of imposing these duties is to alert the interested parties to the
11 existence of this Protective Order and to afford the Designating Party in this case
12 an opportunity to try to protect its confidentiality interests in the court from
13 which the subpoena or order issued. The Designating Party shall bear the
14 burdens and the expenses of seeking protection of its confidential material in that
15 court, and nothing in these provisions should be construed as authorizing or
16 encouraging a Receiving Party in this action to disobey a lawful directive from
17 another court.
18 8.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.
19       If a Receiving Party learns that, by inadvertence or otherwise, it has
20 disclosed Protected Material to any person or in any circumstance not authorized
21 under this Protective Order, the Receiving Party must immediately (a) notify in
22 writing the Designating Party of the unauthorized disclosures, (b) use its best
23 efforts to retrieve all copies of the Protected Material, (c) inform the person or
24 persons to whom unauthorized disclosures were made of all the terms of this
25 Protective Order, and (d) request such person or persons to execute the
26 "Acknowledgement and Agreement to Be Bound by Protective Order"
27 (Exhibit A).
28

1  9. <u>FILING PROTECTED MATERIAL</u>.

2   In the event that any party intends to include any document designated as
3 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
4 ONLY" under this Protective Order as part of any motion, opposition, reply or
5 other document, including any declarations (collectively "Filing") to be filed
6 with the Court, the Filing shall be filed under seal. Alternatively, if the
7 CONFIDENTIAL and HIGHLY-CONFIDENTIAL ATTORNEYS' EYES
8 ONLY Discovery Material can be redacted to obviate the need to file documents
9 under seal, such as, by example, redacting names, addresses, amounts, or other
10 confidential information, and, if appropriate, substituting generic identifiers, the
11 Parties shall work together to agree to the appropriate redactions.

12   **The parties understand that all Court orders will be presumptively**
13 **available to the public. Therefore all papers submitted to the Court that**
14 **quote or set forth "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-**
15 **ATTORNEYS' EYES ONLY" information shall designate the particular**
16 **information that is designated "CONFIDENTIAL" or "HIGHLY**
17 **CONFIDENTIAL-ATTORNEYS' EYES ONLY" This will enable the**
18 **Court, in drafting orders, to determine whether there is evidence which the**
19 **Court should attempt not to disclose. Absent such advance notification (and**
20 **even with such notification to the extent the Court believes it appropriate),**
21 **the Court remains free to incorporate and publicly disclose all such evidence**
22 **in its written and oral rulings if it concludes that this information is neither**
23 **"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'**
24 **EYES ONLY" information.**

25   The parties further understand that in the event that the case
26 proceeds to trial, and the parties use information that was designated as
27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'
28 EYES ONLY," and/or kept and maintained pursuant to the terms of this

Case 2:10-cv-05171-GW -E   Document 136   Filed 10/31/11   Page 13 of 15   Page ID #:2049

1  **Protective Order at trial, such information becomes public and will be**
2  **presumptively available to all members of the public, including the press,**
3  **unless sufficient cause is shown in advance of trial to proceed otherwise.**
4  10.    <u>FINAL DISPOSITION</u>.
5          Unless otherwise ordered or agreed in writing by the Producing Party,
6  within sixty days after the final termination of this action, each Receiving Party
7  must return all Protected Material to the Producing Party. As used in this
8  subdivision, "all Protected Material" includes all copies, abstracts, compilations,
9  summaries or any other form of reproducing or capturing any of the Protected
10 Material. With permission in writing from the Designating Party, the Receiving
11 Party may destroy some of all of the Protected Material instead of returning it.
12 Whether the Protected Material is returned or destroyed, the Receiving Party
13 must submit a written certification to the Producing Party (and, if not the same
14 person or entity, to the Designating Party) by the sixty-day deadline that
15 identifies (by category, where appropriate) all the Protected Material that was
16 returned or destroyed and that affirms that the Receiving Party has not retained
17 any copies, abstracts, compilations, summaries or other forms of reproducing or
18 capturing any of the Protected Material. Notwithstanding this provision, Counsel
19 are entitled to retain an archival copy of all pleadings, motion papers, transcripts,
20 legal memoranda, correspondence or attorney work product, even if such
21 materials contain Protected Material. Any such archival copies that contain or
22 constitute Protected Material remain subject to this Protective Order as set forth
23 in Section 3 (DURATION), above. The Court's jurisdiction to enforce the terms
24 of the Order shall continue for six (6) months after the final conclusion of all
25 aspects of the litigation.
26 11.    <u>MISCELLANEOUS</u>.
27         11.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of
28 any person to seek its modification by the Court in the future.

1   11.2  **Right to Assert Good Faith Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object in good faith to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any good faith ground to use in evidence of any of the material covered by this Protective Order.

**AGREED TO:**

Dated: October 28, 2011             **SCHIMMEL & PARKS, APLC**

                                    By /s/Michael Parks
                                        Michael Parks
                                        Attorneys for Plaintiff
                                        DIANE MATALAS

Dated: October 28, 2011             **PILLSBURY WINTHROP SHAW PITTMAN LLP**

                                    By /s/Christine A. Scheuneman
                                        CHRISTINE A. SCHEUNEMAN
                                        Attorneys for Defendant
                                        WELLS FARGO BANK, N.A.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**
Dated: Oct. 31, 2011
                                    _____
                                    Honorable ~~George H. Wu~~ Charles F. Eick
                                    United States ~~District Court Judge~~
                                    Magistrate Judge

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name, of _____ [print or type frill address] declare under penalty of perjury under the laws of the United States and California that I have read in its entirety and understand the Stipulation Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Diane Matalas v. Visa U.S.A., Inc.; Wells Fargo Bank, N.A., et al.*, Case No. CV 10-5171-GW (Ex) ("Protective Order"). I agree to comply with and to be bound by all the terms of this Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceeding related to enforcement of this Protective Order.

Date: _____, 2011.
City and State where sworn and signed: _____
Printed name: _____
Signature: _____